THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS MERTON BROWN, Appellant.

Third Department, July 8, 1968.

*Leland B. Taylor* for appellant.

*Robert E. Jones, District Attorney,* for respondent.

STALEY, JR., J. This is an appeal from a judgment of the County Court of Cortland County entered November 7, 1966, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

Appellant was charged with breaking and entering a building known as Firpo's Diner located at 45 Elm Street, Cortland, New York on July 26, 1965, and taking therefrom a green metal safe which, with its contents, had an aggregate value of more than $100. Early in the evening of July 25, 1965, the appellant, " Buddy " Neff and two girls, " Marty " Parker and Connie Johnson were together at Mantella's Restaurant in the City of Cortland. They left the restaurant and walked to Neff's home where Neff and Parker entered his apartment and an altercation took place involving Neff's wife, who left the apartment and ran out the front door where she observed the appellant and Connie Johnson.

Later in the evening the original four joined each other and went to Firpo's Diner where they talked briefly, and the two girls left and returned to the restaurant. The two men were joined by Bill Davis, and after Neff had opened a window of the diner and entered through the window, he let the others in through a door. The three men removed the safe from the building and, after hiding it under a platform, they rejoined the girls in the restaurant. All five of them took a cab to the home of one Knight, where Neff obtained permission to borrow Knight's car. The group returned in Knight's car to the place where the safe was hidden and, after loading the safe into the trunk of the car, they drove out of the city to a wooded area. With the use of Knight's tools and a stolen sledge hammer and crowbar, the safe was broken open and the contents, consisting of papers and six one-dollar bills, were taken. After riding around in Knight's car for some time, Connie Johnson got out of the car and left the group. About 6 o'clock in the morning appellant went to Neff's apartment to pick up some belongings, and Mrs. Neff observed Knight's car out in the back of the house which appellant got into after leaving the apartment and drove away. A short time later the car went off the road and struck a telephone pole after which Neff, Parker, Davis and appellant abandoned the car. Later that day appellant telephoned Knight and told him where the car was, and would he come and get it. The safe

was found on July 27, 1965 and one Morgia, a City Detective, visited the scene where it was found, and observed a tire iron and chisel which had been missing from the trunk of Knight's car.

At the trial Neff, Davis, Johnson, Knight, Mrs. Neff and Morgia all testified for the People. The trial court charged the jury that both Neff and Davis were accomplices as a matter of law, and that their testimony had to be corroborated and, as to Connie Johnson, the court charged that it was a question of fact as to whether or not she was an accomplice.

The issue presented on this appeal is whether there was sufficient corroboration of the accomplices' testimony. The statutory requirement of corroboration of the testimony of an accomplice is set forth in section 399 of the Code of Criminal Procedure which provides, " A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime ".

The required corroboration may be either direct or circumstantial (*People* v. *Mullens,* 292 N. Y. 408; *People* v. *Guernsey,* 24 A D 2d 811), and it is sufficient " if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth ". (*People* v. *Dixon,* 231 N. Y. 111, 116.)

" The corroborative evidence so required must be evidence from an independent source of some material fact tending to show not only that the crime has been committed, but that the defendant was implicated in its commission." (*People* v. *Nitzberg,* 287 N. Y. 183, 191–192.)

Under certain conditions evidence that the defendant was at the place of the crime or in the presence of the accomplices shortly before or after the crime is corroboration of their statements. (*People* v. *Kress,* 284 N. Y. 452; *People* v. *Laman,* 273 App. Div. 377, affd. 298 N. Y. 462.)

If there is any evidence of corroboration that tends to connect the defendant with the crime, then the question of sufficiency of that evidence is one for the jury. (*People* v. *Fiore,* 12 N Y 2d 188; *People* v. *Robinson,* 28 A D 2d 916.)

In *People* v. *Morhouse* (21 N Y 2d 66, 74), the court stated: " As we indicated in *People* v. *Fiore* (12 N Y 2d 188, 201), the corroboration requirement of section 399 of the Code of Criminal Procedure is fully met when there is some nonaccomplice evidence ' fairly tending to connect the defendant with the commission of the crime ' (quoting from *People* v. *Elliott,* 106 N. Y. 288, 292). The corroboration need not, as must circumstantial evidence, lead exclusively to the inference of the defendant's

guilt. As this court has noted, even ' Matters in themselves of seeming indifference * * * may so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between the defendant and the crime.' (*People* v. *Dixon,* 231 N. Y. 111, 116–117; see, also, *People* v. *Crum,* 272 N. Y. 348, 353–354; *People* v. *Malizia,* 4 N Y 2d 22, 27; *People* v. *Reddy,* 261 N. Y. 479, 484.) ''

In the instant case there was ample corroboration of the testimony of each accomplice, even assuming that Connie Johnson was an accomplice as a matter of law. The testimony of Neff's wife corroborated that the appellant was with Connie Johnson, Marty Parker and Buddy Neff on the night in question when she saw him in the evening outside her house, and later in the night when he drove away in Knight's car. Knight's testimony corroborated the borrowing of his car by Neff, the phone call made by the appellant to him advising him of the accident and also the use of Knight's tools in opening the safe. The testimony of Morgia corroborated the testimony of the accomplices as to where the safe was taken, the manner in which it was opened, and the tools used to open it. The facts and circumstances developed by these nonaccomplice witnesses tended, if believed by the jury, to sustain the conclusion that the appellant was connected with the commission of the crime.

The judgment of conviction should be affirmed.

GIBSON, P. J., HERLIHY, AULISI and GABRIELLI, JJ., concur.

Judgment affirmed.