Oscar Murov, J.
Defendant, Kenneth Murray, accused by indictment of acting in concert with another in the commission of the crimes, criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree (Penal Law, §§ 220.43, 220.21) moves for dismissal of the charges upon the grounds the indictment is defective within the meaning of CPL 210.25, and improperly returned by the Grand Jury in that it was not founded upon legally sufficient evidence (CPL 210.30).
It is defendant’s contention that the deficiency in the indictment stems from a failure therein to conform to CPL 200.30 [sic] (subd 7) [CPL 200.50, subd 7] which requires, "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to *669 clearly apprise the defendant or defendants of the conduct which is the subject of the accusation”.
The factual allegations of the indictment are couched in language identical to that of the applicable statutes which charge the offenses defendant is accused of committing. "All that is essential to charge the crimes and to apprise the accused of the nature of the crimes charged” is fully set forth therein (see People v Barton, 51 AD2d 1044; People v Player, 80 Misc 2d 177).
Defendant is charged with selling a narcotic drug in Count 1 and of possessing the drug in Count 2. The terms "sell” and "possess” as they are defined in subdivision 1 of section 220.00 and subdivision 8 of section 10.00 of the Penal Law, respectively, of themselves, apprise the defendant of his wrongful acts (People v Rathbun, 50 AD2d 677).
Defendant next contends that the evidence before the Grand Jury was not legally sufficient to sustain an indictment. He suggests that if any evidence that may have implicated him in the crimes was presented by a codefendant or other witness, it would have to be corroborated by legally sufficient evidence, and that there was none.
CPL 190.65 (subd 1) states: "a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.”
"Legally sufficient evidence” is defined in CPL 70.10 as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.”
There can be no question that a codefendant is an accomplice whose testimony requires corroboration (People v Daniels, 37 NY2d 624; People v Diaz, 19 NY2d 547; Penal Law, § 20.00; CPL 60.22). The corroboration of an accomplice is required before a Grand Jury just as it is required to obtain a conviction (People v Nitzberg, 289 NY 523; People v Cliento, 2 NY2d 55).
On the other hand, no authority has been cited by the defendant nor found by the court’s research which would require corroboration of the testimony of the nondescript *670 "other witness” referred to by the defendant. Thus the court holds corroboration is necessary to support only the testimony of the codefendant and is not required in this case to buttress the testimony of any other witness.
The court would further point out to defendant that CPL 60.22 does not require legally sufficient evidence to support the testimony of an accomplice, but merely "evidence tending to connect the defendant with the commission of the crime”. (People v Daniels, 37 NY2d 624, supra.) Such evidence may be direct or circumstantial (People v Brown, 30 AD2d 279).
The evidence presented to the Grand Jury establishes that police officers assigned to the Long Island Drug Enforcement Task Force met with the codefendant accomplice in a bar in Huntington, Long Island, and there purchased four ounces of cocaine from him. As part of the mechanics of the transaction, the accomplice left the officers waiting at the bar while he returned to his home to secure the drugs. Another officer, who was conducting a surveillance of the accomplice’s house, saw him enter therein followed shortly thereafter by the defendant. The individuals emerged separately shortly thereafter with the accomplice returning to the bar and the defendant driving to a delicatessen in Huntington. Thus, other than the testimony of the accomplice, the only other evidence linking the defendant to the incident was the officer’s observations of the defendant in the accomplice’s presence shortly before the crime.
The dicta in a line of cases generally acknowledges that in certain instances presence at the place of the crime or association with the admitted criminals are corroborative (People v Brown, 30 AD2d 279, supra; People v Deitsch, 237 NY 300; People v Kress, 284 NY 452; People v Mullens, 292 NY 408). Significantly in none of those cases was the mere presence at the scene or association of the defendant with the perpetrators of the crime held sufficient corroboration. In Brown there was ample other evidence to corroborate the accomplice’s testimony. In Deitsch, the defendant, by his false alibi testimony, undid himself. In both Kress and Mullens the mere evidence of defendant in the accomplice’s presence was found not to be sufficient corroboration.
In People v Dingle (70 Misc 2d 840) the defendant was actually present in the vehicle with the codefendant when a bag of heroin was discovered in the codefendant’s possession. The codefendant testified before the Grand Jury and impli *671 cated the defendant. The only corroborative evidence presented to the Grand Jury was the testimony of the police officer placing the two suspects together at the time of the arrest. The court held such testimony insufficient corroboration of the accomplice’s testimony.
An interesting sidelight develops out of the Dingle decision. The court remarked that its examination of the Grand Jury minutes did not reveal that the District Attorney ever instructed the Grand Jury as to the requirements of CPL 60.22. The court would note that the same omission was evident from this court’s inspection of the Grand Jury minutes.
In view of the foregoing, the motion to dismiss the indictment is hereby granted with leave to the People to resubmit this case with additional evidence if such exists, to the Grand Jury in accordance with CPL 210.45.
In view of the determination herein defendant’s separate motion for a bill of particulars is hereby denied as academic.