■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAM DEVAUL, Appellant.—Appeal from a judgment of the County Court of Madison County, rendered March 1, 1976, convicting defendant of the crimes of burglary in the third degree and grand larceny in the second degree. The defendant was indicted, tried and convicted for the crimes of burglary, third, and grand larceny, second degrees. At trial the critical testimony was supplied by one Vann, an admitted accomplice. He testified in some detail to the facts and circumstances surrounding the commission of the alleged crimes. In substance he painted defendant as the prime mover in the burglary of the Seaway Gas Station on January 20, 1975. The sole issue raised on this appeal is whether there is sufficient corroboration of Vann's testimony. We conclude there is. It is well established that the corroborative evidence is sufficient "if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth." *(People v Dixon,* 231 NY 111, 116.) It must be evidence from an independent source of some material fact tending to show not only that the crime has been committed but that defendant was implicated in its commission *(People v Nitzberg,* 287 NY 183, 191, 192). In Vann's recitation of the events he outlined, among other things, the following: a visit to the Seaway Gas Station a few nights prior to the burglary to "case" the place; a visit to a Dunkin' Donut Restaurant in Dewitt during the early hours of January 20 and leaving there about 3:30 A.M.; the abortive use of a screwdriver to pry open the door of the gas station and the substituting of a crowbar when the screwdriver proved inadequate and broke; driving to his neighborhood (Vann's) after the burglary and splitting the money with defendant. In corroboration the prosecution offered the testimony of several witnesses. A Seaway Gas Station attendant related that he saw defendant and Vann at the station about three nights before the burglary. Officer Brown, who made the arrest, testified to searching defendant's car and finding a damaged screwdriver under the front seat. An

employee of Dunkin' Donuts testified that defendant and Vann came into the restaurant between 10:30 and 11:30 P.M. on January 19 and remained there until about 3:30 A.M. on January 20 and that defendant was driving the car. She further testified that she remembered "them talking between them about ripping some place off." Officer Cormier testified to seeing defendant at about 5:30 A.M. driving his car towards his home which would be in the direction one would travel coming from Vann's residence. Considering the record in its entirety, we are of the view that the corroborative testimony sufficiently harmonizes with Vann's testimony to supply the necessary connection between defendant and the crime and amply justifies the jury's implicit conclusion that Vann was telling the truth *(People v Crabtree,* 34 AD2d 1024; *People v Brown,* 30 AD2d 279). The judgment of conviction, therefore, should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.