■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO DAVIS, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered March 11, 1976, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. On April 4, 1975, State Police Investigator McHart and one Andrews, a confidential informant, proceeded to a point on North Street in the City of Troy near premises designated No. 107 where they awaited the anticipated arrival of Lorenzo Davis. Upon the latter's arrival, Andrews introduced him to McHart who, he reported, was interested in making a purchase. The three entered an apartment and the defendant sold McHart six "dime" bags of a substance for $50 and McHart secured defendant's phone and apartment number after indicating he would like to make further purchases. McHart and Andrews left and drove to the State Police laboratory where the substance was tested and found to be heroin as represented. Subsequently, the defendant was indicted for criminal sale of a controlled substance in the third degree and, after numerous motions and delays, proceeded to trial and was convicted. On appeal the defendant contends that the trial court erred in denying his challenge to the panel of prospective jurors without granting him a hearing; that the People withheld certain exculpatory information; that the court abused its discretion in denying defendant's motion to suppress certain convictions and prior bad acts; and, lastly, that the term of the indeterminate sentence with its minimum of six years and a maximum of life was excessive. CPL 270.10 (subd 2) contains the procedure to be followed in challenging a panel and "govern[s] all challenges to the panel, whatever may be the particular ground advanced" *(People v Consolazio,* 40 NY2d 446, 455). It provides: "2. A challenge to the panel must be made before the selection of the jury commences, and, if it is not, such challenge is deemed to have been waived. Such challenge must be made in writing setting forth the facts constituting the ground of challenge. If such facts are denied by the people, witnesses may be called and examined by either party. All issues of fact and law arising on the challenge must be tried and determined by the court. If a challenge to the panel is allowed, the court must discharge that panel and order another panel of prospective trial jurors returned for the term." The challenge herein was made in writing and was made just before the trial was to commence but was grounded upon the naked assertion that there existed a systematic and regular "exclusion of individuals who would constitute a jury of the defendant's peers, including the young, the black and the economically disadvantaged". From the responses of the defendant's counsel to the inquiries by the court, it became evident that the challenge was based to some extent upon his observations of different panels in court over a relatively short period of time but was based primarily upon speculation and surmise. Counsel conceded that he could not say what he might prove because he had not yet interviewed even one witness. The defendant's motion papers, made upon information and belief, contain no direct evidence of exclusion and the attorney's allegations do not constitute evidence of a long continued pattern of exclusion, particularly in the light of the obvious and admitted lack of investigation and attempts to obtain the relevant statistical information necessary to prove a pattern of exclusion. It is not sufficient to merely make assertions of a discriminatory process as to the selection of criminal jury panels without proof of any facts to support such assertions *(People v*

*McDowell,* 35 AD2d 611, 612, mod on other grounds 28 NY2d 373; *People v Pulliam,* 28 AD2d 786). These holdings do not appear to be in any manner at odds with *Taylor v Louisiana* (419 US 522). Moreover, *People v Prim,* upon which defendant relies, has been modified by the Court of Appeals on the ground, among others, of inadequate specificity of the objections to the jury selection process *(People v Prim,* 47 AD2d 409, mod 40 NY2d 946). Accordingly, the trial court did not err in denying the defendant's challenge without a hearing. The defendant's second contention is bottomed on the fact that, at the time of this incident, Andrews was, himself, under indictment and was assisting the police in exchange for promises of leniency and that the People failed to disclose this information to the defendant. It is clear that a promise of leniency or other consideration held out to a self-confessed criminal for his co-operation bears upon his credibility as a witness and must be disclosed by the prosecution *(People v Mangi,* 10 NY2d 86; *People v Savvides,* 1 NY2d 554). This information was disclosed early in the trial during the direct and cross-examination of State Police Investigator Elliot some two days before Andrews took the stand and was not denied by Andrews when he testified. The defendant urges that such a disclosure must be made before the trial but provides no authority for this contention. The clear purpose of the disclosure is to allow the jury to consider what effect, if any, such an arrangement might have on the witness' testimony (see *People v Savvides, supra,* p 557). Since this information was disclosed so that the jury had full opportunity to weigh its effect upon the issue of Andrews' credibility, the purpose was fulfilled and there is no showing of any prejudice to the defendant. Whether prior convictions of the defendant should be suppressed or not is an issue which is best "committed principally to the reviewable discretion of the trial court" *(People v Sandoval,* 34 NY2d 371, 375). In light of all of the facts and relevant circumstances disclosed here, we find no abuse of that discretion on the part of the trial court. Finally, since the sentence of the court was well within the limits of the law and there is no showing of any abuse of discretion, the sentence should not be reduced *(People v Schilling,* 52 AD2d 681; *People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.