THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY HICKS, Appellant.

Third Department, November 10, 1977

*J. Paul Troue* for appellant.

*Pierce D. Russell, District Attorney (Charles J. Wilcox* of counsel), for respondent.

HERLIHY, J. At about 5:10 A.M. on August 21, 1974, during the course of a robbery at Geronimo's Bar-B-Que, a restaurant in Troy, New York, Robert "Geronimo" Butler, the owner, was shot and killed. Based on descriptions provided and photographic identifications made by several witnesses, five Black males, including the defendant, were arrested and indicted. The defendant was convicted in a separate trial following an order severing the prosecution.

I The defendant does not contend that there was an absence of evidence to prove his guilt beyond a reasonable doubt. The record does establish his guilt by overwhelming evidence. We find that the several issues raised by him concerning the admissibility of certain evidence, the proof and presentation before the Grand Jury, and disclosure by the District Attorney are without any substantial merit. The record establishes that the defendant's constitutional rights to due process as controlled by the District Attorney were scrupulously observed and that there was a fair and impartial trial.

II The defendant has challenged the constitutionality of the master jury pool upon the ground that the jury selection process in Rensselaer County impermissibly excludes members of the Black population of that county who reside in the City of Troy.

The trial court held a hearing on this issue and the evidence demonstrated that the names contained in the master jury pool were obtained primarily from the records of registered voters. The only other source of jurors routinely used was that people might initially inquire as to service and volunteer to be jurors. The record contains no evidence of any direct or systematic exclusion of citizens from the master jury pool upon any discriminatory basis such as economic status, race or color, age, religious beliefs or sex.

The defendant correctly asserts that a criminal defendant is constitutionally entitled to trial by a jury drawn from jury pools which are representative of a cross section of the community. (See, e.g., *People v Parks,* 41 NY2d 36, 42.) However, "the standard by which a claim of an illegally constituted jury is to be measured is whether the complainant has submitted proof sufficient to establish the existence of intentional and systematic discrimination in the jury selection process." *(People v Parks, supra,* p 43). As noted hereinabove, there is no direct evidence of such a discrimination.

The determinative question is whether or not the proof that the nearly sole source of the master jury pool was the record of registered voters is sufficient to establish by circumstantial evidence a process which necessarily discriminates against Blacks or other minority groups. The record contains no evidence that Blacks or other minorities in Rensselaer County do not generally register to vote. The nonexercise of such right in other communities by Blacks or other minorities is not persuasive as to the public exercise of such right in Rensselaer County, and, in any event, those persons who do not register to vote do not constitute a cognizable class of qualified (jurors) citizens whose exclusion results in a jury panel that fails to be drawn from a cross section of the community (see *United States v Gast,* 457 F2d 141, 142, cert den 406 US 969; cf. *People v Cook,* 81 Misc 2d 235, 244, 245). The record establishes, as found by the trial court, that members of the Black race do serve as jurors in Rensselaer County.

In this case the defendant has presented no proof that Rensselaer County's jury selection system was the product of intentional and systematic discrimination and, accordingly, there is no showing of any infringement of the defendant's constitutional right to a representative jury panel.

The defendant's further contention that there were irregularities in the procedures whereby his jury panel was selected is not supported in the record and there is no showing that they would constitute reversible error (see *People v Stummer,* 37 NY2d 717; *People v Kruger,* 302 NY 447, 450).

III The defendant further contends that his sentence is unduly harsh and excessive. There can be no doubt as to the deliberate nature of the robbery and the violence involved. Upon this appeal there has been no showing of any circumstance which could remotely meet the requirement set forth in *People v Caputo* (13 AD2d 861) of "extraordinary circumstances" necessary to present a basis for interfering with the discretion of the sentencing court.

The judgment should be affirmed.

GREENBLOTT, J. P., SWEENEY, KANE and MAHONEY, JJ., concur.

Judgment affirmed.