■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A.

LIBERTY and MARTIN W. PULVER, Appellants.—Appeals from judgments of the County Court of Rensselaer County, rendered November 10, 1977, upon a verdict convicting the defendants of the crime of rape in the first degree. The defendants were indicted for the crimes of rape in the first degree and sodomy in the first degree. Following a jury trial both defendants were found guilty of first degree rape. The jury, however, was unable to reach a verdict on the first degree sodomy count. The defendants were sentenced to indeterminate terms of imprisonment with maximum terms of 20 years and minimum terms of five years. These appeals ensued. Prior to trial, the defendants moved pursuant to CPL 270.10 to challenge the panel of prospective jurors. On this appeal it is argued that the trial court improperly denied the motion without a hearing. The standard to be applied on such a challenge is whether the proof submitted is sufficient to establish the existence of intentional and systematic discrimination in the jury selection process *(People v Parks,* 41 NY2d 36). In order to warrant a hearing, the movant must demonstrate facts constituting the basis of the challenge *(People v Prim,* 47 AD2d 409, mod 40 NY2d 946). In the present case, neither the moving papers nor the affidavits submitted in support of the motion contain any allegations of the existence of intentional and systematic discrimination. There was no proof of any facts indicating the existence of any intentional discrimination. Assertions of a discriminatory process concerning the selection of jury panels are insufficient without proof of any facts in support of such assertions *(People v Davis,* 57 AD2d 1013). Consequently, we are of the view that the trial court properly denied defendants' motion without a hearing. We would note also that this court recently upheld the Rensselaer County jury selection process aginst a similar challenge to the one made here *(People v Hicks,* 59 AD2d 251). Defendant Liberty also contends that his initial detention was illegal and, as a result, subsequent identifications were tainted and should have been suppressed. At a suppression hearing, a trooper testified that he was instructed by an investigator to stop any motorcyclists leaving a certain area where a possible rape occurred involving members of a specific motorcycle club; that he proceeded to the designated area and stopped three males and a female on three motorcycles who were coming from the direction of the area in question and wearing jackets identified with the motorcycle group in question; that after checking licenses and registrations he detained the group for approximately 10 minutes in order to enable the inspector and complainant to arrive for an identification; that defendant Liberty remained voluntarily; that complainant, upon her arrival, made a positive identification of defendant Liberty; and that defendant Liberty was then arrested. Defendant Liberty maintains that his detention after the license and registration checks was, in effect, an arrest and that the trooper lacked the reasonable cause necessary for an arrest. In our view, defendant was technically not arrested and the question presented narrows to the reasonableness of the detention *(People v Morales,* 22 NY2d 55). An individual may be detained upon reasonable suspicion for a reasonable and brief period of time under carefully controlled conditions sufficient to protect the individual's Fifth and Sixth Amendment rights *(People v Morales,* 42 NY2d 129). Considering the manner and intensity of the interference, the gravity of the crime involved and the circumstances attending the encounter (cf. *People v De Bour,* 40 NY2d 210), we are of the opinion that the initial detention of defendant Liberty was lawful and, therefore, the motion to suppress the identification testimony was properly denied. Defendant Pulver urges that his motion for a mistrial should have been granted after complainant testified twice on

direct examination that she smelled marihuana at the time she was allegedly raped. We disagree. The decision of whether or not to grant a motion for a mistrial rests within the sound discretion of the trial court *(Matter of Napoli v Supreme Ct. of State of N. Y.,* 40 AD2d 159, affd 33 NY2d 980), and we find no abuse of that discretion by the trial court herein. Nor do we find any merit in defendant Pulver's argument that the testimony of the principal prosecution witnesses was incredible, as a matter of law and, that, therefore, the motion for a trial order of dismissal should have been granted. Accordingly, the judgments should be affirmed. Judgments affirmed. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.