THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. JONES, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered January 12, 1979, upon a verdict convicting defendant of the crimes of burglary in the second degree, grand larceny in the third degree, and petit larceny. On February 10, 1978 after 9:00 P.M., a man entered the home of Violet Deibler on Seven Acres Road in the Town of Millport, Chemung County. Violet Deibler was watching television when she noticed the man in the room. She asked him who he was and what he was doing, whereupon he grabbed three of her pocketbooks and ran out of the house. She did not recognize him and she could not swear whether it was a man or a woman because he was going too fast. Elaine Tenney, defendant's sister, and Karla Wren were admitted accomplices and so charged by the court. They testified that they drove with defendant to the Deibler residence on the night of February 10, 1978 when the car was parked near the Deibler residence. Elaine Tenney testified that defendant and Karla Wren got out of the car and went to the house, but she didn't see them enter. She drove away when defendant and Karla returned. As they drove along Route 14, the pocketbooks were thrown out of the car into the snow, and they continued on to the Hickory House. After they entered Hickory House they sat at a table and, shortly thereafter, Elaine Tenney left and went back to the Deibler house, where she heard a woman screaming. She then returned to the Hickory House, where the three of them finished their drinks and then left together. Clyde Jack testified that he found three pocketbooks belonging to Violet Deibler in the snow about 20 feet from the side of a road near Route 14. Edward Wren testified that, while hitchhiking on February 11, 1978, he was picked up by Elaine Tenney and Karla Wren, and that they proceeded to a Marine Midland Bank in Horseheads, New York, where Karla went into the bank to cash a check at the request of Elaine Tenney. The first issue presented on this appeal is whether there was sufficient corroboration of the testimony of the accomplices, Elaine Tenney and Karla Wren. "If there is any evidence of corroboration that tends to connect the defendant with the crime, then the question of sufficiency of that evidence is one for the jury" *(People v Brown,* 30 AD2d 279, 281). "The corroboration need not, as must circumstantial evidence, lead exclusively to the inference of the defendant's guilt. As this court has noted, even 'Matters in themselves of seeming indifference * * * may so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between

the defendant and the crime.' " *(People v Morhouse,* 21 NY2d 66, 74.) The corroboration in this case adequately meets this standard, and defendant's claim of insufficient corroboration must be rejected. Defendant being placed in the presence of the accomplices within a few minutes after the crime, constitutes corroboration of their statements *(People v Kress,* 284 NY 452; *People v Laman,* 273 App Div 377, affd 298 NY 462). Defendant next contends that the court did not properly consider his *Sandoval* application to preclude the use of defendant's prior convictions of burglary. On the first day of the trial, defendant moved orally in chambers for a ruling precluding his cross-examination as to these earlier convictions. At the time, the court was advised that defendant intended to testify in his own defense, and that there would be sharp issues of credibility which would arise by reason of the testimony to be elicited from Elaine Tenney and Karla Wren, two of the prosecution witnesses. Defendant advised the court that the purpose of the application was to establish that defendant was under the influence of alcohol at the time of the prior burglaries to which he had pleaded guilty, and that that should be considered in mitigation of those crimes. The court denied the motion, stating that any testimony of alcoholism would not have been sufficient to exculpate him, and the court could not relitigate the issue. Defendant now contends that the court should have held a hearing on the alleged mitigating circumstances of alcoholism at the time of the commission of the prior burglaries. We do not agree. In the first instance, defendant should have made a formal pretrial motion providing the court and the prosecution with advance notice of his contentions, thus providing the prosecution with an opportunity to meet and oppose the application, and providing the court a basis for making a considered judgment. Additionally, the purpose of a *Sandoval* hearing is to enable a defendant "to obtain a prospective ruling as to the permissible scope of his cross-examination concerning prior commission of specific criminal, vicious, and immoral acts, on the basis of which" he can make a determination on whether to take the witness stand in his own defense *(People v Sandoval,* 34 NY2d 371). In this case, defendant had decided to take the witness stand prior to making the oral motion. Defendant does not argue that evidence of prior convictions of burglary is not admissible on the question of credibility, but only that the alleged mitigating circumstances should have been considered. "The nature and extent of cross-examination have always been subject to the sound discretion of the Trial Judge" *(People v Sandoval, supra,* p 374), and under the circumstances herein, it cannot be said that the Trial Judge abused his discretion. Defendant's final contention is that the sentence imposed was excessive. Defendant was convicted of burglary in the second degree, a class C felony, and he had previously been convicted of two felonies. He faced a potential maximum sentence of not less than seven and one-half years and not more than 15 years. The sentence of not less than four years and not more than eight years cannot be said to constitute a clear abuse of discretion. Judgment affirmed. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.