■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHEL RENAUD, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered March 25, 1980, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree. Defendant was indicted by the Clinton County Grand Jury for two counts of attempted murder in the second degree, one count of reckless endangerment in the first degree and one count of criminal possession of a weapon in the second degree, arising out of the shooting of a border patrolman at Mooers, New York. After a suppression hearing, the court denied defendant's motion to suppress the revolver seized in the course of a "pat down" search of defendant. Thereafter, defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of the indictment. On this appeal, the sole issue raised is whether the trial court error in denying defendant's motion to suppress the revolver. The record reveals that, on October 14, 1979 at about 10:40 P.M., Sergeant Garrant of the New York State Police received a radio communication informing him that a border patrolman had been shot in Mooers, New York. The source of this information was another State trooper known to the sergeant. Numerous road blocks were immediately ordered by Garrant, the highest ranking State Police officer in the area. As new information was acquired it was relayed to the troopers in the field. Some of this information consisted of the following: One person was found dead in the woods near the scene and bore identification indicating he was a Canadian citizen; the other assailant, still at large, was a white male, heavy frame, probably also Canadian and possibly armed. Two troopers were assigned to set up a road block at the intersection of Routes 11 and 22 in the vicinity of the shooting. At about 2:50 A.M. on October 15, 1979, the troopers, after stopping some 25 vehicles without incident, stopped a vehicle being operated by Hector La Valley. On questioning La Valley, it was learned that he was from Mooers Forks which was in the immediate vicinity of the shooting. One of the troopers testified that, after identifying himself, he asked La Valley "Who's your friend?" and La Valley replied "I don't know. He's a Canadian fellow who stopped at my door and asked for a ride to Plattsburgh." One of the troopers then drew his revolver and ordered the defendant to step out of the car. The trooper noticed the bottom of defendant's pants and his boots were wet and that he met the general description of the subject they were looking for. The trooper then conducted a "pat down" search and discovered the revolver. He then placed the defendant under arrest. Considering the record in its entirety, we are of the view that there is ample evidence to conclude

that the conduct of the troopers was reasonable. The information upon which the troopers acted came from a reliable source. The initial stopping and detaining of the La Valley vehicle was, under these circumstances, proper *(People v Liberty,* 67 AD2d 776). A violent crime had been committed. There were reasonable grounds to believe the suspect was armed and defendant met the description of the suspect. A police officer should not be prevented from observing circumstances at the scene and, if necessary, taking due precaution for his own safety *(People v Benjamin,* 51 NY2d 267). We are of the view that the "pat down" search was founded on a reasonable suspicion that defendant had committed a crime and, considering the totality of the circumstances, the search was proper (see *People v Spivey,* 46 NY2d 1014; *People v Moore,* 32 NY2d 67). The judgment should be affirmed. Judgment affirmed., Sweeney, J. P., Kane, Main, Mikoll and Casey, JJ., concur.