■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WYCHE, Appellant. — Appeal from a judgment of the County Court of Chemung County, rendered December 14, 1979, upon a verdict convicting defendant of assault in the first degree. On March 6, 1979, in a local bistro named Smitty's Tavern in Elmira, New York, the defendant and one Alvin Roberts engaged in

a violent oral argument over the attentions of a female who had entered the tavern with Roberts. The altercation culminated in defendant's plunging a hunting knife into the abdomen of Roberts. Thereafter, defendant was indicted for attempted murder in the second degree. He was convicted, after trial, of assault in the first degree. On this appeal, defendant assigns as reversible error (1) the court's denial of his *Sandoval** motion to preclude the People from questioning him about a prior murder conviction and a second degree assault conviction, (2) the court's refusal to charge the lesser included offense of assault in the third degree, and (3) an abuse of the court's discretion in not discharging the jury after it reported that it was hopelessly deadlocked. We discuss these contentions seriatim. While under circumstances not present here we might give greater weight to defendant's contention that the trial court erred in refusing to preclude the People from inquiring into the two prior convictions, since they were exactly similar to the charge in the instant case, thereby raising the possibility of extreme prejudice which the *Sandoval* principle is designed to protect against, we, nevertheless, conclude that the challenged ruling was correct because the defendant did not make his *Sandoval* motion until after the People had rested, and, further, not until after he had expressed his intention to take the stand and testify. In *People v Jones* (76 AD2d 1007, 1008, mot for lv to app den 51 NY2d 882), we noted that the purpose of a *Sandoval* hearing is to enable a defendant " 'to obtain a prospective ruling as to the permissible scope of his cross-examination concerning prior commission of specific criminal, vicious and immoral acts, on the basis of which' he can make a determination on whether to take the witness stand in his own defense". Inferentially, in *People v Jones (supra),* we ascribed to the phrase "a prospective ruling" a definitional meaning of a point in time prior to the commencement of trial so that the court and prosecution could have the opportunity to meet and oppose the application. Here, specifically, since the oral motion was made after the People rested and after defendant made known his intention to testify, we conclude that the court did not abuse its discretion in denying defendant's *Sandoval* motion. With respect to defendant's contention that the trial court erred in not submitting the lesser offense of assault in the third degree to the jury, we submit that decisional law has made it clear that there must exist a reasonable view of the evidence upon which a jury could conclude that the defendant in fact committed a lesser, but not the greater, offense before such a submission is proper *(People v Scarborough,* 49 NY2d 364, 368; *People v Discala,* 45 NY2d 38). The indicted crime, attempted murder in the second degree, requires a specific intent to commit a homicide (Penal Law, §§ 110.00, 125.25). Assault in the third degree, which is criminal negligent assault, involves negligent culpability. Here, the record is void of any claim by defendant that he was careless or negligent or that the deadly thrust of the knife into Roberts was accidental. To the contrary, defendant claimed throughout the trial that Roberts posed a threat and he purposefully knifed him to protect himself. On these facts, the court correctly concluded that there was no reasonable view of the evidence to support a finding that defendant committed the lesser but not the greater crime *(People v Scarborough, supra; People v Goodwin,* 64 AD2d 780). We also conclude that the trial court did not err in refusing to declare a mistrial and discharge the jury after twice being informed that they were deadlocked. This was a trial for attempted murder and the jury's deliberations only took 15 hours over the course of two days. During this time, the jury asked for a definition of attempted murder on two occasions, for a rereading of the charge on assault in the first degree and

---

\* *People v Sandoval* (34 NY2d 371).

spent an entire morning listening to the reading of the testimony of three prosecution witnesses. On this record, we find no abuse of discretion that could be equated with coercion of the verdict (see *People v Washington,* 52 AD2d 984, 986). Judgment affirmed. Mahoney, P. J., Sweeney, Main, Mikoll and Casey, JJ., concur.