■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SEYMOUR, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), rendered June 4, 1982 in Chemung County, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. Trial testimony revealed that defendant and two friends were driving through a rural area of Chemung County when they decided to rob a house. Defendant stayed in the parked van while one Douglas Laughlin broke in and burgled the house. Upon the unexpected return of the owners, Laughlin ran back to the van and all three men drove away, with defendant at the wheel. The homeowners pursued the van for a short way and were able to copy down its license plate number which they subsequently turned over to the police. Defendant was ultimately arrested and convicted. His first contention on this appeal is that County Court erred in denying without a hearing his motion pursuant to CPL 270.10 challenging the composition of the panel of prospective jurors on the ground that it contained no welfare recipients. In order to warrant a hearing for a CPL 270.10 motion, the movant must submit proof that there existed intentional and systematic discrimination in the jury selection process. Mere assertions of a discriminatory process are not enough (*People v Davis,* 57 AD2d 1013). In the present case, defendant's moving papers contain only bare assertions of an intentionally discriminatory scheme. He states that the sources of the names of individuals placed in the jury pool are voting rolls, telephone books and tax rolls and that persons whose names appear in these places are unlikely to be welfare recipients. However, defendant has submitted no evidence that welfare recipients are less likely to register to vote or to have telephones (see *People v Hicks,* 59 AD2d 251, 253). Consequently, we find that defendant failed to meet the requisite standard and that the trial court properly denied his motion without a hearing (see *People v Liberty,* 67 AD2d 776, 777). Defendant next contends that there was insufficient corroboration of the testimony of his accomplice, Douglas Laughlin, who testified that defendant helped plan the burglary and drove the van in which the men escaped. However, it has been held that if any evidence of corroboration is presented which " 'tends to connect the defendant with the crime, then the question of sufficiency of that evidence is one for the jury' " (*People v Jones,* 76 AD2d 1007, quoting from *People v Brown,* 30 AD2d 279, 281). The corroboration in this case was sufficient to meet this standard. The owner of the house which defendant was accused of robbing testified as to the license and description of the van in which the men who burglarized his house escaped. One Ronald Deitrick further testified that he loaned his van, bearing this same license plate number and description, to defendant less than two hours before the burglary. Additionally, a brother of one accomplice testified that defendant took part in a conversation concerning the burglary and the advisability of leaving the State to avoid arrest. This testimony constitutes sufficient corroboration of the accomplice's story (see *People v Jones, supra,* p 1008). Defendant's

contention that there was insufficient evidence to support his conviction as an accomplice is similarly without merit. Pursuant to section 20.00 of the Penal Law, a person is criminally liable for the conduct of another when he acts "with the mental culpability required for the commission [of the offense and] * * * intentionally aids such person to engage in such conduct". One of defendant's accomplices testified that defendant participated in a discussion as they drove past the house in question as to the feasibility of robbing it, and that defendant then drove the van to the house and let one of the men out so that he could effect the burglary, while defendant parked the van up the road so as not to arouse attention. He further agreed to blow the van's horn as a signal if another car came. Finally, his accomplice testified that defendant drove the van away from the scene of the burglary to elude the victim. Thus, there was sufficient evidence to sustain the finding that defendant was a knowing accomplice (see *People v Keitt,* 42 NY2d 926, 927). Defendant's final contention is equally meritless. He has presented no evidence to show that the court abused its discretion in sentencing him (see *People v Du Bray,* 76 AD2d 976, 977). Judgment affirmed. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.