OPINION OF THE COURT
Bernard J. Fried, J.
Defendant, who is charged with four counts of murder in the second degree, now moves to quash the entire jury venire of Bronx County. Defendant asserts three grounds in support of his motion: (1) The venire does not include persons who *959 receive any form of public assistance; (2) The statutorily fixed maximum juror compensation of $12 per day makes it financially impossible for the following persons to serve as State jurors: (a) Those who do not receive their regular salaries throughout their entire period of jury service; (b) Those who are self-employed; and (c) Those who work on a commission basis; and (3) The State maximum juror compensation is below Federal minimum wage standards. Defendant requests a hearing on the first ground only. For the reasons that follow, the motion is denied in all respects.
On November 10, 1987, after lengthy suppression hearings, jury selection commenced when the first panel of 58 prospective jurors was sworn and informed of the nature of the indictment, pretrial publicity, and the expected length of the trial. At least 40 prospective jurors were excused on consent and the remainder completed more detailed questionnaires. On November 18, 1987, after this process had been completed for 3 more panels of over 60 prospective jurors each, and at least 125 more jurors had been excused, defense counsel, in open court, stated that they intended to file a motion attacking the entire jury venire. The following day defense counsel submitted this motion, supported only by counsel’s affirmation.
In seeking to quash the jury venire of Bronx County, defendant raises constitutional claims both under the Sixth and Fourteenth Amendments of the US Constitution, as well as a statutory claim under Judiciary Law § 500, all of which are subject to the procedural requirements of CPL 270.10. (People v Consolazio, 40 NY2d 446, 455 [1976].) Consequently, the challenges will be "deemed to have been waived” if they were not made "in writing” and "before the selection of the jury commence[d].” (CPL 270.10 [2].) While it is argued that counsel’s oral statement satisfied this requirement, under the circumstances here, the oral statement cannot be deemed to be a "writing”. (Cf., People v Prim, 40 NY2d 946 [1976], modfg on other grounds 47 AD2d 409 [1975].) Moreover, the CPL requirement that challenges to the jury be made "before the selection of the jury commences” is not met when the motion is made after even a single panel of prospective jurors has been sworn and informed of the nature of the indictment. (People v Moore, 80 Misc 2d 166, 167 [Nassau County Ct 1975].) Here, at the earliest, defendant made his motion after 3 days of selection, during which period 4 panels of prospective jurors had been preliminarily questioned, questionnaires completed, *960 and more than 165 prospective jurors excused. Written motion papers were not submitted until after the voir dire of the remaining prospective jurors had commenced. Consequently, defendant’s challenges to the jury panel on all three asserted grounds must be deemed to be waived.
However, even if defendant’s motion is considered to be timely, it should be denied on all three grounds. The second and third grounds hardly warrant discussion. As his second ground, defendant claims that the low statutorily authorized payment for jury service makes it financially impossible for certain persons, i.e., persons who are self-employed, work on commission, or work for an employer that will pay for only two weeks of jury service, to serve as jurors. In support of this argument, defendant relies upon the fact that a number of prospective jurors from the four questioned panels had been excused for reasons of financial hardship. Significantly, defendant has presented no evidence that the jury panels do not include these persons. Therefore, defendant’s challenge is to the petit jury and not the jury venire. As such, the claim is baseless because defendant is not entitled to a petit jury of any particular composition. (Lockhart v McCree, 476 US 162 [1986].) Additionally, defendant’s third asserted ground, that jurors are paid less than the Federal minimum wage, is not an articulable challenge to the Bronx County jury venire and therefore is not a basis for relief.
Turning to his first ground, defendant has requested a hearing on the question of whether the jury should be quashed because the jury venire allegedly does not include persons who receive public assistance. Although the defense papers are unclear, this asserted ground is construed to raise two separate challenges to the jury panel: First, that the jury panel denies defendant a jury that is a fair cross section of the community and therefore violates Judiciary Law § 500, and the Sixth and Fourteenth Amendments; Second, that the jury panel violates the Equal Protection Clause of the Fourteenth Amendment by excluding a particular class of persons. However, defendant is not "automatically entitled to a hearing upon raising [either of these] challenge^] to [the] jury panel”. (People v Hill, 67 AD2d 427, 432 [4th Dept 1979], appeal dismissed 50 NY2d 894 [1980].) Indeed, he must "specify sufficiently the facts substantiating his challenge[s]” . (Supra, at 432; People v Davis, 57 AD2d 1013 [3d Dept 1977]; People v Liberty, 67 AD2d 776, 777 [3d Dept 1979].)
As to the fair cross-section claim, defendant is only entitled *961 to a hearing if his motion sufficiently specifies some facts establishing systematic discrimination in the jury selection process. (Duren v Missouri, 439 US 357 [1979]; People v Guzman, 60 NY2d 403 [1983], cert denied 466 US 951 [1984]; People v Parks, 41 NY2d 36 [1976]; People v Liberty, 67 AD2d 776, supra; People v Davis, 57 AD2d 1013, supra.) Naked assertions of discriminatory procedures are insufficient. (People v Davis, supra, at 1013.) Here defendant has failed to allege any facts supporting a claim of systematic discrimination in the jury selection procedures. Instead, defendant assumes that the procedures are systematically discriminatory merely because none of the 82 prospective jurors who completed questionnaires stated that he or she was receiving public assistance. This assumption is fallacious for several reasons. First, even if no prospective jurors on the panel received public assistance, defendant has not established that the jury selection procedures were inherently discriminatory, and therefore caused the exclusion of persons receiving public assistance. Second, the facts here do not even support that inference.* There is no way of knowing if any of the prospec *962 tive jurors who did not complete questionnaires received public assistance. Additionally, the questionnaires themselves did not contain a question on the receipt of public assistance, so the fact that prospective jurors may not have provided that information is meaningless. Thus, defendant has failed to allege a sufficient factual basis for his claim that the jury venire denies him a jury that is a fair cross section of the community.
Defendant has also failed to allege sufficient facts to warrant a hearing on what is construed to be an equal protection challenge to the jury panel. Consequently, no hearing is required.
Accordingly, for the reasons stated above, defendant’s motion is denied in all respects.

 Although no hearing was granted, John Whalen, Deputy Commissioner of Jurors of Bronx County, was called by the court to testify as to the jury selection procedures. Mr. Whalen testified that the list of names for the prospective juror pool was compiled from three sources: (1) The Board of Elections list of registered voters; (2) The list of persons to whom New York State mailed tax forms; and (3) The Department of Motor Vehicles list of licensed motor vehicle operators and motor vehicle registrants. After the lists are checked for duplicates, names of prospective jurors are randomly selected. These persons are mailed subpoenas to which they are required to respond in person. When a prospective juror responds to a subpoena, he or she is initially interviewed to determine if he or she is statuorily exempt or disqualified from jury service. The subpoena form lists the exemptions and disqualifications, which do not include the receipt of any type of public assistance. If the person is qualified, he or she is then required to complete a questionnaire which contains no questions concerning the receipt of public assistance. More prospective jurors are disqualified on the basis of the questionnaires and the remainder are subject to call for jury service.
Mr. Whalen further testified that he ordinarily had no knowledge of whether any prospective jurors received public assistance because the question was not asked on any form or in any interview of prospective jurors. However, because of certain extraordinary circumstances, Mr. Whalen was personally aware that an individual, receiving public assistance, had served on a jury the previous week. Mr. Whalen discovered that the person was receiving public assistance when he asked the person to explain why he had deferred jury service four times. When the prospective juror responded that he could not afford the carfare because he was on welfare, Mr. Whalen made arrangements for the person to receive carfare payments in advance, and the person was selected for and served on a jury.