Samuel J. Joseph, J.
The moving defendants have applied for an inspection of the Grand Jury minutes or, alternatively, for a dismissal of the indictment herein charging a violation of subdivisions 2 and 3 of section 1751 of the Penal Law on the grounds that the presumption of a knowing possession and control of the narcotic in question, as provided for under subdivision 4 of section 1751 of the Penal Law, is inapplicable as to them. The contention is urged that since the preliminary hearing disclosed, as adduced from the testimony of the arresting officer, that the movants were seated alongside each other in the front seat of a private automobile, with the third defendant herein (Wilbur Wiggins, not a party to the instant application) seated alone in the rear seat, and that the codefendant Wiggins was observed by the officer, as he approached the ear, removing a package (of heroin) from his coat pocket and throwing it out of the car, the presumption aforesaid is not chargeable to the moving defendants who did not have physical possession of the drug. The case of People v. Logan (94 N. Y. S. 2d 681) is submitted in support of this claim. Apart from the fact that the defendants herein are accused of acting in concert with each other, defense counsel has failed to note that the cited case involved the granting of a certificate of reasonable doubt, under a conviction for possession (of a gun) under similar circumstances as the instant case and that, on appeal, such conviction was affirmed (People v. Logan, 276 App. Div. 1029). The motion is in all respects denied.