Abbaham N. Geller, J.
Defendants move to inspect the Grand Jury minutes or, in the alternative, to dismiss the indictment. Defendants have been indicted for the crime of feloniously possessing a narcotic drug, one ounce and more of cannabis, in an automobile other than a public omnibus.
Defendants raise the following contentions: (1) the presumption of subdivision 4 of section 1751 of the Penal Law is unconstitutional in that it destroys the presumption of innocence and compels the accused to come forward with evidence to rebut it; (2) the presumption is not here applicable since, upon information and belief, the quantity of narcotics found in the automobile did not equal the amount required as a condition to invoke the presumption; (3) the narcotics were obtained as a result of an illegal search and seizure.
Subdivision 4 of section 1751, so far as pertinent, provides that the presence in an automobile, other than a public omnibus, of any narcotic drug, in an amount equal to or in excess of that set forth in subdivision 2 thereof and which under its provisions would be presumptive evidence of its possession with intent to sell, shall be presumptive evidence of its possession and control knowingly in violation of law by each and every person found in such automobile at the time such narcotic drug is found.
In People v. Russo (278 App. Div. 98, affd. 303 N. Y. 673), dealing with the analogous presumption of possession arising from the presence of weapons in an automobile, contained in former section 1898-a, the court, citing a long line of cases, stated that it was well settled that “ statutes such as section 1898-a ” are not unconstitutional, where the presumption is neither conclusive nor arbitrary. As to the presumption here involved, there is likewise a rational and pragmatic connection *84 between the facts proved in the first instance and the presumption, subject to rebuttal by any proof or explanation drawn from the totality of circumstances of the case. In accordance with People v. Russo and precedents cited, subdivision 4 of section 1751 is constitutional.
The second contention is based on the statement in the affidavit of the arresting officer, upon which the complaint in the Criminal Court of the City of New York was based, that he observed and subsequently retrieved two brown paper bags thrown out of the automobile as he approached it, further search revealing two additional containers under the rubber mat of the car. Apparently, defendants contend that the weight of the latter two containers found in the automobile should alone be considered in determining the required minimum weight for invoking the presumption.
The court has read the minutes and finds that the evidence presented was substantially that set forth in the affidavit together with proof as to the identity and total weight of the drugs contained in all four containers, which exceeded the required minimum weight. It is obvious that occupants of an automobile cannot avoid the effect of the statutory presumption by throwing narcotic drugs out of the car when an officer is approaching. The “presence” of narcotics in the automobile occupied by defendants is established by evidence of such attempt to divest themselves of possession as well as by what is actually found therein at time of search. Persons found in an automobile at the time such narcotic drug is found, whether it is actually then in the automobile or found in the vicinity after being seen to have been thrown from the automobile, are subject to the presumption (see, also, People v. Potter, 4 Misc 2d 796).
The final contention based on alleged illegal search and seizure arising from the policeman’s stopping of the automobile for alleged traffic infraction and the subsequent, events leading to search and seizure, cannot be raised by motion to inspect the Grand Jury minutes but by a motion to suppress (Code Crim. Pro., § 813-c; see, also, as to procedure thereon, Rules of the Supreme Court, New York and Bronx Counties, part 2, rule IV, subd. 3, par. [h]). The motion is accordingly denied.