Irving Lang, J.
The defendant, Lonnie Early, indicted with one Johnnie Dingle, and charged with the crimes of conspiracy in the second degree and criminal possession of a dangerous drug in the third degree, moves for an order granting an inspection of the Grand Jury minutes and/or in the alternative, the dismissal of the indictment.
The instant motion poses this unique problem. Is the mere presence of a person in an automobile sufficient to corroborate incriminating testimony of an accomplice who was apprehended in the car with contraband drugs concealed in his pocket?
The testimony presented to the Grand Jury was substantially as follows:
*841 Patrolman Joseph Petrusso testified that on February 22,1972 he observed the defendants, Johnnie Dingle and Lonnie Early, in an automobile at 23rd Street and 7th Avenue in the Borough of Manhattan. The defendant Early was operating the auto and Dingle was the passenger. After identifying himself, the officer searched the defendants and recovered a bag containing in the excess of % of an ounce of heroin from the pants pocket of Dingle.
Dingle testified before the Grand Jury, pursuant to a waiver of immunity. He stated that Early was his brother-in-law and that he was delivering the narcotics found in his possession to an individual named “Bob”, in accordance with instructions by Early. That prior to his arrest, he had received and delivered other packages of narcotics to persons unknown to him, pursuant to telephone instructions by Early.
The issue presented is whether, as a matter of law, there was sufficient corroboration of Dingle’s testimony so as to indict Early, as Dingle was an accomplice.
CPL 60.22 provides that a defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense. The corroboration of an accomplice is required before a Grand Jury just as it is required to obtain a conviction. (People v. Nitzberg, 289 N. Y. 523; People v. Cilento, 2 N Y 2d 55.)
A motion to inspect the Grand Jury minutes and/or to dismiss the indictment is a proper vehicle for testing the sufficiency of the corroborative evidence presented to the Grand Jury. (CPL 210.30, subd. 2; People v. Gentile, 20 A D 2d 412.)
The only corroborative evidence presented to the Grand Jury is the testimony of Patrolman Petrusso that at the time of the arrest, Early and Dingle were present together in the auto. The courts have always looked with suspicion upon the testimony of an accomplice and have asserted that it must be accepted only with caution. (People v. Kress, 284 N. Y. 452; People v. Cohen, 223 N. Y. 406.) The required corroborative testimony is insufficient if it tends only to establish the credibility of the accomplice. The statute does not say that there may be a conviction on the testimony of an accomplice alone, if shown to be credible. The corroborative testimony, to have any value, must be evidence from an independent source of some material fact tending to show that the defendant was implicated in the crime. The independent evidence other than that of the accomplice must fairly and reasonably tend to connect the defendant with the *842 commission of the crime. (People v. Kress, supra; People v. Everhardt, 104 N. Y. 591; People v. Taleisnik, 225 N. Y. 489.)
The People, citing People v. Malizia (4 N Y 2d 22), and People v. Brown (30 A D 2d 279), argue that the association of the two defendants at the time and place of the crime, is sufficient corroboration in support of Dingle’s testimony. As already stated, the corroborative evidence must reasonably tend to connect the defendant with the commission of the crime. In Malizia (supra), the corroborative evidence was more than mere association. In that case, the defendant was charged with selling and conspiracy to sell a dangerous drug. Malone, a coconspirator, testified that he and the defendant were partners in a joint venture to sell narcotics. He testified that on various occasions the defendant would give him drugs to sell on consignment. Convicted on various sale counts, the Court of Appeals dismissed them (but not the conspiracy count) stating there was not sufficient corroboration as to Malone’s testimony.
As to the conspiracy count, the court found the following facts, in total, to be sufficient corroboration. Malone made a telephone call in the presence of the police to arrange a meeting with the defendant, the defendant met Malone at the pre-arranged drug store, Malone followed the defendant to a phone booth at a nearby hospital and asked him “ What’s the matter”; narcotics were found approximately twenty feet from the phone booth; the telephone number Malone called to arrange the meeting was assigned to a public telephone across from the defendant’s home; at the time of the arrest, the defendant denied knowing Malone. All these events took place after Malone told the police he and the defendant were dealing in narcotics. They, in effect, buttressed Malone’s statements as to the conspiracy. The police officer independently observed these facts as they occurred. It was these observations, and not mere presence at the scene, that supplied the necessary corroboration in Malizia.
In Brown (30 A D 2d 279, supra), the evidence also consisted of more than mere association. There the defendant was charged with burglary. There was a witness who testified she saw the accomplice and the defendant the morning of the crime. The accomplice testified that after the burglary, they drove to the home of one Knight and borrowed his car. Knight testified he lent them the car. A witness testified she saw the defendant and the accomplice in Knight’s car. The accomplice testified tools taken from the car were used to pry open the safe which they stole. A detective at the scene where the safe was found, observed the tools from Knight’s car. This was corroboration of more than mere presence and independently tended to connect *843 the defendant with the crime, unlike the situation in People v. Cilento (2 N Y 2d 55, 63), where the court held as to codefendant Garfano that ‘ ‘ mere association * * * with perpetrators of the crime is insufficient” (see, also, People v. Bartulis, 271 App. Div. 2d 892).
The only evidence of a conspiracy in this case comes from the testimony of Dingle. The District Attorney claims that his testimony is buttressed by the fact that he was apprehended in the area where Dingle claimed that the drug delivery was to take place. However, Dingle’s explanation of why he and Early were at this specific location is merely ‘ ‘ testimonial bootstrapping ”, rather than independent buttressing. Such evidence is insufficient to connect Early with Dingle as a conspirator. There is a major difference between a person testifying, in however great detail, as to past events and the observation of an independent witness personally verifying information given to him relating to future or current events. (Draper v. United States, 358 U. S. 307.)
Furthermore, there was insufficient legal evidence presented to the Grand Jury to establish the offense of criminal possession of a dangerous drug in the third degree. Section 220.25 of the Penal Law provides that the presence of a dangerous drug in an automobile is presumptive evidence of the knowing possession thereof by each and every person in the automobile at the time such drug was found except when the drug is concealed upon the person of one of the occupants. Since the drugs here were found on the person of Dingle, there is no presumption as to Early.
There are some situations where there may be constructive possession without a statutory presumption but this ease is not one of them. (Cf. People v. Eisen, 25 N Y 2d 1005, where the court apparently upheld the argument that constructive possession is not limited to statutory presumptions but can also be inferred from facts which point directly to guilt and where no other reasonable inferences can be drawn.)
Since no facts or circumstances other than Dingle’s testimony point to any guilt by Early, constructive possession cannot be inferred, even under the Eisen rationale.
The requirement of corroboration of an accomplice’s testimony has a statutory rather than a constitutional basis. It reflects the Legislature’s concern that such testimony is so potentially untrustworthy that it cannot form the sole basis for a conviction.
Such testimony has always been subject to suspicion and careful scrutiny especially where the accomplice is a disreputable or criminal character. (People v. Kress, 284 N. Y. 452, supra.) *844 While the District Attorney argues that Dingle has but one minor criminal conviction (a fact not elicited before the Grand Jury), by his own admission he was a courier of narcotics, a particularly pernicious activity. Even if, however, the defendant was of previously unimpeachable character and the offense less heinous, that statutory mandate of corroboration has not been met.
Furthermore, logic would dictate that a person in the company of one carrying concealed contraband would be less likely to be part and parcel of this type of ‘ ‘ passive ’ ’ activity than the person in the vicinity of a burglary or robbery about the time of the commission of that “ active ” enterprise.
I hold therefore that CPL 60.22 does not permit a person to he indicted solely because he was in the presence of another carrying concealed contraband even where the carrier implicates that person under oath before the Grand Jury.
Accordingly, the motion to inspect the Grand Jury minutes is granted, and after inspection the motion to dismiss the entire indictment as to defendant Early is granted.
The District Attorney is, however, granted leave to resubmit this case with additional evidence if such exists, to the Grand Jury, in accordance with CPL 210.45. Parenthetically nowhere does it appear in the Grand Jury minutes that the District Attorney, as legal advisor to that body, ever instructed the Grand Jury as to the requirements of CPL 60.22 relating to accomplice testimony. In my view this is the type of case where it is both “ necessary ” and “appropriate” for the District Attorney to ‘ ‘ instruct the grand jury concerning the law ’ ’ (CPL 190.25, subd. 6).