█ In the Matter of the STATE OF NEW YORK, Petitioner, v. GILBERT H. KING, as a Justice of the Supreme Court of the State of New York, Respondent, and JOHN HILL et al., Intervenors-Respondents.— Petitioner's application granted and respondent's order allowing defendants 10 additional peremptory challenges vacated. Memorandum: In this article 78 proceeding petitioner seeks an order directing respondent to rescind his order granting 10 additional peremptory challenges to defendants Hill and Pernasilice on the trial of an indictment charging them with a Class A felony. A motion by petitioner addressed to respondent seeking an order vacating the order challenged was denied as was a

motion by petitioner to enlarge the number of peremptory challenges allowed to the People to equal the number allowed defendants. By the show cause order herein the defendants were granted leave to intervene in this proceeding and they have done so. The provisions of CPL 270.25 clearly set forth the number of peremptory challenges allowed each party. Subdivision 2 of that section states: "Each party must be allowed the following number of peremptory challenges: (a) Twenty for the regular jurors if the highest crime charged is a class A felony". The respondent not only violated the express provisions of the section as to the number of peremptory challenges allowed upon the trial but acted in violation of the statutory scheme which allows each party an equal number of peremptory challenges. It has been uniformly held that the matter of peremptory challenges concerning which there is no constitutional requirement, rests entirely with the Legislature (*People* v. *Lobel*, 298 N. Y. 243, 257; *People* v. *Doran*, 246 N. Y. 409, 426, 427). The order complained of herein is nonappealable and in view of the limitations of the statute it is clear that it was made in excess of the court's powers authorized by the Legislature. We have recently stated that: "Prohibition is an extraordinary remedy issued in the sound discretion of the court where the grievance cannot adequately be redressed by ordinary proceedings at law or in equity (*Matter of Lawrence* v. *Supreme Ct. of State of N. Y., County of N. Y.*, 24 A D 2d 849; see, also, *People ex rel. Mayor of City of N. Y.* v. *Nichols*, 79 N. Y. 582; 23 Carmody-Wait 2d, New York Practice, § 145.214, p. 785). However, it is well established that prohibition is an appropriate remedy to restrain a court from exceeding its authorized powers in a proceeding over which it has original jurisdiction, as well as restraining a court from the unwarranted assumption of jurisdiction (*Matter of Proskin* v. *County Ct. of Albany County*, 30 N Y 2d 15; *Lee* v. *County Ct. of Erie County*, 27 N Y 2d 432; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1). Applying these principles, it is clear that prohibition would here be a proper vehicle if it were established that petitioner lacked an adequate remedy at law, such as appeal." (*Matter of Roberts* v. *County Ct., Wyoming County*, 39 A D 2d 246, 248, affd. 34 N Y 2d 246.) To deprive petitioner of a clearly enunciated statutory right to parity with the defendants in the matter of peremptory challenges and to disregard the limitation placed on both parties to a legislatively determined number of peremptory challenges to the favor of defendants creates an unfair imbalance in the right of each of the parties to a fair trial of the issues in a manner clearly prejudicial to petitioner. No other remedy being available to petitioner, it is entitled to the relief sought under article 78. All concur except Cardamone and Del Vecchio, JJ. who dissent and vote to deny the application and dismiss the petition in the following memorandum: In our view the extraordinary writ of prohibition does not lie (see *Matter of Hogan* v. *Court of Gen. Sessions of County of N. Y.*, 296 N. Y. 1, 8–9). The facts in this case cannot be construed to be within the holding in *Matter of Proskin* v. *County Ct. of Albany County* (30 N Y 2d 15). Absent some clear showing of harm or prejudice to petitioner, the granting of a nonappealable order does not warrant the issuance of a writ of prohibition and, in any event, the remedy of prohibition should not be granted in this case (see *Matter of Attica Bros.* v. *Additional Term of Supreme Ct., Erie County*, 45 A D 2d 10). (Article 78 proceeding in the nature of prohibition.) (Order entered January 13, 1975.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.