Louis B. Scheinman, J.
Defendant has moved for an order precluding sentencing in this matter and barring the court from imposing a sentence of 15 years (or more) to life, upon the grounds that Penal Law provisions requiring such sentence are violative of the Eighth Amendment to the United States Constitution, in its prohibition against cruel and unusual punishment.
The defendant in this case was convicted, upon a jury trial, of criminal possession of controlled substance in the first degree (Penal Law, § 220.21). As this crime constitutes an A-I felony, subdivision 2 of section 70 of the Penal Law provides for a mandatory maximum term of life imprisonment, and subdivision 3 provides for a mandatory minimum term of not less than 15 nor more than 25 years.
The recent case of People v Broadie (37 NY2d 100) is not dispositive of the issues here for the reason that the convictions and sentences under consideration there dealt with A-II and A-III felonies, calling for mandatory life imprisonment máximums, but mínimums of 1 to 8Vá years for an A-III felony and a minimum from 6 to 8 Vi) years for an A-II felony. The cases under consideration in Broadie were also drug offenses.
In Broadie, the unanimous court, concerned with Eighth Amendment rights, accepted defense arguments that grossly disproportionate punishments are both cruel and unusual, analyzed the same as it related to the cases at hand, the gravity of the offenses involved and the threat to society imposed by drug trafficking, legislative findings and intent, and compared the sentencing provisions of the new drug statutes with those of other crimes both in this and other States. The court concluded that the sentencing provisions were (p 117) "relatively severe, but not irrationally so, given the epidemic dimensions of the problem.”
The court went on to hold (p 117) that the punishments "in these cases” were not so grossly disproportionate as to be unconstitutional.
It should be noted that in Broadie, 6 of the 7 cases considered by the court related to A-II and A-III felonies involving drug sales, and one, McNair, involved the A-II felony possession of drugs. Thus, the court, in its discussions with relation *619 to the severity of the crimes involved, and the sentences imposed, did not feel it necessary to discuss the difference between possession and sale.
In holding the statute constitutional in said case, the Court of Appeals found the maximum term of life imprisonment not to be repugnant to constitutional limitations.
The only difference between the case at bar and the cases discussed in Broadie is the severity and degree of the respective crimes, and the minimum terms of imprisonment provided for in subdivision 3 of section 70.00 of the Penal Law.
This court will not attempt to improve upon the research, the study and the reasoning set forth by the Chief Judge in Broadie.
In the case at bar, the evidence at the trial showed this defendant, Robert Hines, to have possessed 280 glassine envelopes containing heroin, along with 12 other plastic bags containing heroin. The aggregate weight exceeded three ounces. He is not, himself, a heroin addict.
Considering the fact that we are dealing here with a more aggravated crime, declared by the Legislature to constitute a higher degree, justifying a higher minimum period of imprisonment, and with the guidance of Broadie, the court finds the sentencing provisions of the aforesaid statute constitutional.
Accordingly, the motion is denied.