◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR J. MATONTI, JR., Appellant.—Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant appeals from his conviction of criminal possession of a dangerous weapon in the third degree, contending that (1) due process of law was denied to him by refusal of the trial court to sever his joint trial with his codefendants, (2) his Fifth Amendment right to remain silent upon his arrest was violated by repeated testimony and comments thereon at trial, (3) the court erred in charging the statutory presumption of possession of the gun by defendant who was operating the vehicle wherein it was carried (Penal Law, § 265.15, subd 3), and (4) defendant's guilt beyond a reasonable doubt was not established. At the outset of the trial and at various points in the trial defendant made it clear to the court that his defense was inimical to that of his codefendants and that it would be and was prejudicial to him to be tried jointly with them. Since defendant asserted that his codefendants were the real criminals and coerced him into the acts of which he is charged, he argued and still argues that he would be and was prejudiced on the joint trial by being unable to. call them as witnesses or in case of their refusal to testify to comment on such refusal, in violation of their rights as defendants not to testify *(People v Owens,* 22 NY2d 93, 97). There is authority that to require a defendant to be tried jointly with his codefendants whose interests are adverse to his and whom he wishes to call as witnesses to exculpate him or, if they refuse to testify, to comment upon such refusal, denies defendant a fair trial *(People v La Ruffa,* 2 AD2d 765; *People v Hannon,* 50 Misc 2d 297, 302; *United States v Echeles,* 352 F2d 892, 898; *De Luna v United States,*

308 F2d 140, 141). However, in *People v Bornholdt* (33 NY2d 75, 87, cert den 410 US 905) the court wrote, "A motion for a separate trial is directed to the sound discretion of the trial court, subject to review only for an abuse thereof. *(People v. Owens,* 22 N Y 2d 93; see, also, *Opper v. United States,* 348 U. S. 84, 95; *United States v. Echeles,* 352 F. 2d 892 [7th Cir.].) Where proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance *(United States v. Kahn,* 381 F. 2d 824, 839 [7th Cir.], cert. den. 389 U. S. 1015). But upon a proper showing of need for a codefendant's testimony, it may be an abuse of discretion to deny severance. *(People v. Owens, supra,* at p. 98; see *United States v. Gleason,* 259 F. Supp. 282 [S. D., N. Y.].) However, a proper showing of need imports that the movant clearly show what the codefendant would testify to and that such testimony would tend to exculpate the movant. *(Byrd v. Wainwright,* 428 F. 2d 1017, 1020 [5th Cir.].) Moreover, the court is not required to sever where the possibility of the codefendant's testifying is merely colorable or speculative. *(Byrd v. Wainwright, supra,* at p. 1022; *United States v. Kahn, supra,* at p. 841.)" Since defendant made no showing that testimony of his codefendants would tend to exculpate him (indeed, on preliminary examination they stated that if called they would decline to testify, asserting their rights under the Fifth Amendment), we conclude that the trial court did not abuse its discretion in this respect in denying a severance. Moreover, defendant's argument that the joint trial illegally deprived him of his right to make peremptory challenges on the selection of the jury is without merit *(People v Lobel,* 298 NY 243, 257; *People v Doran,* 246 NY 409, 426–427; *Matter of State of New York v King,* 47 AD2d 594, 595, revd on other grounds 36 NY2d 59). We hold, however, that the court committed reversible error in permitting the People to present testimony in their direct case that upon his arrest defendant remained silent and gave no explanation of his conduct. "A person in police custody is under no obligation to speak and no damaging inference may be drawn from his silence" *(People v Finney,* 39 AD2d 749, affd 33 NY2d 536). Defendant's failure to offer an exculpatory explanation or "to lay out an alibi" at the time of his arrest may not be considered by the jury in determining his guilt or innocence *(People v Christman,* 23 NY2d 429, 433; *People v Muniz,* 40 AD2d 985; see *Doyle v Ohio,* 426 US 610, decided June 17, 1976), and it is error to introduce evidence to show that the defendant did not make a statement to the police *(People v Orgovan,* 14 AD2d 482). Had the People not presented such evidence, the later cross-examination of defendant, after he had testified that he acted under the coercion of his codefendants, concerning his failure promptly to advise the police thereof when free of such alleged coercion, would have been a proper testing of his credibility (see *People v Rothschild,* 35 NY2d 355). Although it is likely that defendant would have testified even if the People in their case had not brought out his failure so to advise the police at the time of his arrest, we cannot so speculate and must abide by the general rule, protecting a defendant's Fifth Amendment right to remain silent. "Furthermore, the prejudicial effect of this testimony was aggravated by the trial court's failure to instruct the jury that defendant * * * had a right to remain silent and that [his] silence signified nothing *(People v. Travato,* 309 N. Y. 382)" *(People v Finney, supra,* at p 749). These errors committed at trial, therefore, were substantial and require a new trial (see *People v Christman, supra).* We find no error in the court's charge under subdivision 3 of section 265.15 of the Penal Law concerning the presumption of defendant's possession of the gun. The evidence was sufficient to sustain the verdict of defendant's guilt beyond a reasonable doubt of

possession of the gun. The proof reveals that defendant had conferred with his codefendants before September 26, 1974, the date of the crime, and that he drove his car to pick up the codefendants on that night. When they entered his car they had no shotgun with them, but shortly thereafter a shotgun was in their possession in defendant's car. Defendant ignored the police order to halt and fled from them at high speed, and although he claimed that he did this under threats and coercion by his codefendants, defendant continued in his flight after he saw codefendant Williams throw the gun from the car (see *People v Reisman,* 29 NY2d 278, 285–287 ; *People v Harris,* 47 AD2d 385, 388; Penal Law, § 10.00, subd 8; § 265.15, subd 3). (Appeal from judgment of Erie Supreme Court convicting defendant of possession of a weapon, third degree.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.