■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE HINES, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered December 5, 1975, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the first degree. Pursuant to a search warrant issued by the County Court of Ulster County, police officers forced entry to Room No. 18 at the King's Inn in Kingston, New York, searched the premises, seized what later proved to be in excess of two ounces of heroin, and arrested the defendant who was present therein. Thereafter indicted for the crime of criminal possession of a controlled substance in the first degree, a class A-1 felony, defendant was tried and convicted of that offense and was sentenced to an indeterminate term of imprisonment with a minimum of 15 years to a maximum of life, the least severe sentence permitted (Penal Law, § 60.05, subd 1; § 70.00, subds 2, 3). A number of issues are raised by him on this appeal seeking a reversal of that conviction, but we have carefully examined the record and the controlling case law and conclude that the judgment should be affirmed. Although the room in which defendant was found with the contraband was registered in the name of another, the evidence connecting defendant with possession of the heroin was more than sufficient to support the verdict of the jury. Among other things, it was established that he frequented this room from time to time; a key to the room was found on his person; extra clothing of the defendant was kept in the room; and his fingerprints were discovered on some of the packages of contraband. While much of the evidence offered against him was circumstantial in nature, the jury was properly instructed concerning such proof and, on this record, it was warranted in concluding that the evidence logically pointed to defendant's guilt and excluded to a moral certainty every other reasonable hypothesis *(People v Benzinger,* 36 NY2d 29; *People v Lagana,* 36 NY2d 71). Defendant's attack on the validity of the search is equally without merit. On a motion to suppress it is ordinarily the defendant's burden to prove the illegality of the search *(People v Berrios,* 28 NY2d 361, 367). That was the

proper standard here and, even if the trial court was referring to defendant in placing the obligation to go forward with such proof on him, the minutes of the hearing reveal that it was actually the prosecution which correctly undertook the subsidiary burden of establishing a legal predicate for the search in the first instance. Next, we discern nothing facially deficient in the search warrant or its supporting papers (see *People v Hansen,* 38 NY2d 17; *People v Hanlon,* 36 NY2d 549; *People v Alaimo,* 34 NY2d 187; *People v Scavone,* 59 AD2d 62). That it permitted the search of others, arguably without probable cause for such action *(People v Nieves,* 36 NY2d 396), is not fatal for the warrant severally directed a search of the defendant *(People v Hansen, supra).* In addition, while the application for that warrant was based in part on information supplied by informants, there was no need to conduct a so-called *Darden* hearing *(People v Darden,* 34 NY2d 177) since neither their existence nor the nature of their communications to police authorities was raised at the suppression hearing. Lastly, defendant advanced no issue of police fabrication during the process of applying for authorization to search *(People v Alfinito,* 16 NY2d 181) and his delayed claims to the contrary upon the trial were plainly untimely. Many other issues raised by defendant turn on an assessment of the credibility of the witnesses, including the defendant himself, and from its verdict it is obvious that the jury resolved those matters in favor of the prosecution as it had the perfect right to do. The charge of the court to the jury was clear and complete and contained no reversible error. Its rulings during the course of a well and vigorously conducted trial were proper and even if, as contended by defendant, some of those rulings were incorrect, they were not such as to require reversal *(People v Crimmins,* 36 NY2d 230; *People v Kingston,* 8 NY2d 384). Finally, the constitutionality of the mandatory sentence requirement has been upheld by our Court of Appeals as it is applied to this case in this State *(People v Broadie,* 37 NY2d 100). Judgment affirmed. Mahoney, P. J., Kane, Main and Herlihy, JJ., concur. [84 Misc 2d 617.]