■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GADDY, Appellant. — Appeal from a judgment of the County Court of Albany County

(Harris, J.), rendered February 17, 1981, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree and one count of the crime of criminally using drug paraphernalia in the second degree. Defendant contends that the proof is insufficient to support the jury's finding that he knowingly and unlawfully possessed a dangerous drug with intent to sell it (Penal Law, § 220.16, subd 1). Defendant's contention is based upon his absence from the apartment where the drugs were seized and his codefendants were arrested. Viewing the evidence in the light most favorable to the People (*People v Benzinger,* 36 NY2d 29, 32), and given the jury's exclusive authority to choose among competing inferences that may reasonably be drawn from the evidence (*People v Barnes,* 50 NY2d 375, 381), we find no basis for disturbing the verdict. In the absence of direct proof of the required possession by defendant, the People presented circumstantial evidence that defendant exercised dominion and control over the drugs seized at 12 Ash Grove Place (see *People v Hines,* 62 AD2d 1067). Defendant concedes that he had a key to 12 Ash Grove Place when arrested, and that certain clothing in the apartment was his size, but he contends that this evidence is inconclusive. The People, however, presented much more evidence relevant to the issue, including evidence that defendant frequently was observed entering and leaving the premises, that his car was seen parked in front of 12 Ash Grove Place on numerous occasions, that defendant admitted owning a gun seized at the premises, and that some receipts and a prescription vial with defendant's name on them also were seized at the premises. Significantly, an informant testified that on numerous occasions he purchased drugs from defendant at 12 Ash Grove Place, that he observed defendant make sales of heroin or cocaine to other persons there, and that on the day the drugs in question were seized, defendant was present at 12 Ash Grove Place when he (the informant) purchased heroin. The evidence is sufficient to support the verdict (compare *People v Hines, supra; People v Robertson,,* 61 AD2d 600, affd 48 NY2d 993, with *People v Siplin,* 29 NY2d 841; *People v Schriber,* 34 AD2d 852, affd 29 NY2d 780). Defendant's contention that the trial court erred in refusing to suppress his statement concerning the gun seized along with the drugs and in failing to submit the issue of the voluntariness of that statement to the jury is meritless. The evidence supports the suppression court's finding that the statement was spontaneous. The statement was made while a police officer was advising defendant of the charges against him. There is no evidence that defendant's statement was the result of any "inducement, provocation, encouragement or acquiescence, no matter how subtly employed" (*People v Maerling,* 46 NY2d 289, 302-303). Nor could the mere recitation of the charges "reasonably have been anticipated to evoke a declaration from the defendant" (*People v Lynes,* 49 NY2d 286, 295). Since defendant neither requested that the court submit to the jury the issue of the voluntariness of defendant's statement nor excepted to the charge as given, the error, if any, has not been preserved for review (*People v Faber,* 83 AD2d 883, 884). In any event, since defendant did not contest the voluntariness of his statement during the trial, submission of the issue to the jury was not required (*id.*). We find no abuse of discretion in the trial court's denial of defendant's motion to sever the trial of his case from that of his codefendants (see *People v Matonti,* 53 AD2d 1022, 1023). We also find no merit to defendant's claim that certain trial errors deprived him of a fair trial. Finally, we reject the claim that defendant's sentence, 12½ to 25 years, is harsh and excessive. The sentence is statutorily authorized for second felony offenders upon the conviction of class B felonies as here (Penal Law, § 70.06, subds 3, 4), and this court will not disturb the sentence unless there has been an abuse of discretion (*People v Dittmar,* 41 AD2d 788). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.