■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DALE McCARTER and GARFIELD GORDON, Respondents. — Appeals by the People from (1) a decision of the Supreme Court, Queens County (Sharpe, J.), dated February 20, 1981, which stated that that branch of defendant McCarter's pretrial motion which sought dismissal of indictment No. 3021/80 against him should be granted, and (2) an order of the same court, dated February 20, 1981, which granted that branch of defendant Gordon's pretrial motion which sought dismissal of indictment No. 3025/80 against him. Appeal from the decision dismissed. No appeal lies from a decision. Further, no order was entered on that decision. Order reversed, on the law, that branch of defendant Gordon's pretrial motion as sought dismissal of the indictment denied, indictment reinstated and matter remitted to the Supreme Court, Queens County, for further proceedings. The proof before the Grand Jury was legally sufficient to establish the offenses charged (CPL 190.65, subd 1; 210.20, subd 1, par [b]). At the accusatory stage, legally sufficient evidence is prima facie evidence, not proof beyond a reasonable doubt (*People v Mayo,* 36 NY2d 1002, 1004; *People v Porter,* 75 AD2d 901). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE McELVEEN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered February 26, 1980, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.