■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AUGUSTO VELEZ, THOMAS MORGAN, BRADFORD WILLIAMS, HOWARD SPIKES and JAMES BLAKE, Respondents. — Appeal by the People from an order of the Supreme Court, Kings County (Ramirez, J.), entered September 22, 1981, which, upon defendant Morgan's motion to dismiss indictment No. 3015/80, dismissed said indictment as to all five defendants named therein. ¶ Order reversed, on the law, motion denied, indictment reinstated, and matter remitted to the Supreme Court, Kings County, for further proceedings. ¶ Defendants were charged with criminal possession of a weapon in the third degree (Penal Law, § 265.02). The underlying events occurred on August 30, 1980, when, pursuant to information connecting defendant Morgan's van with a million dollar jewelry robbery, Detectives George Yarbrough and Charles Healey stopped the van in which defendants were traveling. As Detective Healey moved toward the rear of the vehicle, "the two [rear] van doors parted as if to open and a hand came out of the rear and threw on the ground what appeared to be a dirty rag bundle landing maybe 12 to 14 inches from [Healey's] feet * * * [I]t contained a .22 caliber revolver [loaded] with five live rounds". ¶ Criminal Term dismissed the indictment pursuant to CPL 210.20 (subd 1, pars [b], [c], [h]) on the ground that the statutory automobile presumption (see Penal Law, § 265.15, subd 3) was inapplicable, as a matter of law, to the facts of the case because the evidence demonstrated that "a particular arm and hand dropped the gun showing that a particular person actually possessed the [weapon]". The court reasoned that such positive evidence of actual possession by a particular

individual, albeit unidentified, wholly dissipated the necessity for invocation of the statutory presumption (citing *People v Logan,* 94 NYS2d 681, 683-684), and concluded that absent the benefit of the presumption, the admissible evidence was legally insufficient to sustain a conviction. ¶ We disagree. ¶ The statutory presumption afforded by subdivision 3 of section 265.15 of the Penal Law provides in pertinent part: "The presence in an automobile * * * of any firearm * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found, except * * * (a) if such weapon * * * is found upon the person of one of the occupants therein". The presumption establishes a prima facie case against a defendant, who may, if he chooses, rebut it by interposing evidence to the contrary (*People v Lemmons,* 40 NY2d 505, 510; *People v Jones,* 57 AD2d 595). It is not conclusive even where no contrary proof is offered. In sum, its applicability is generally a question for the trier of fact (*People v Lemmons, supra,* pp 511-512), as is the applicability of the exception for a weapon found on the person (see *People v Lemmons, supra,* p 511; cf. *People v Matonti,* 53 AD2d 1022). Only where the proof is "clear-cut and leads to the sole conclusion that the weapon was found upon the person", as for example, "where the weapon is secreted under one person's shirt or under other items of clothing or in a pocket" is the question of the applicability of the presumption removed from the trier of fact (*People v Lemmons, supra,* p 511). Upon this record, we find no such clear-cut exception where a police officer observes the hand of an unidentified occupant of an automobile drop a weapon to the ground. Under such circumstances, possession was not so personalized with respect to any one particular occupant as to render the presumption inapplicable as a matter of law. Further, we are not persuaded that the presumption is inapplicable to defendant Morgan because he was operating the vehicle at the time the weapon was dropped from its rear door (see *People v Matonti, supra*). ¶ Accordingly, having found the proof before the Grand Jury legally sufficient, we reverse and reinstate the indictment (see *People v McCarter,* 97 AD2d 852). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.