■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN BROOKS, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered January 26, 1984, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the first degree.

Defendant and Elaine Bartlett were arrested after a sale of cocaine took place at a motel located in the Town of Colonie, Albany County. By indictment dated November 18, 1983, both were charged with criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]). Prior to trial, defendant made an omnibus motion requesting, *inter alia,* that his trial be severed from that of Bartlett. In ruling on that motion, County Court stated that it would decide the severance request. The court failed to do so, however, and defendant was tried jointly with Bartlett. At trial, defendant requested that the court charge the jury with regard to the crime of possession of a controlled substance as a lesser included offense. The court refused to so charge the jury. Both Bartlett and defendant were convicted of the crime charged, and defendant was sentenced to the maximum term prescribed, 25 years to life imprisonment.

Defendant's initial argument on appeal is that County Court abused its discretion by denying his severance motion. We note that the court, in actuality, never passed upon defendant's request to sever his trial from that of Bartlett. Instead, the court agreed to consider the request but then neglected to do so, and defendant never renewed his request. In any event, a review of the record in this case demonstrates that the same evidence, admissible as to both defendant and Bartlett, implicated the two. Moreover, defendant has failed to present any good reason warranting a severance *(see, People v Matonti,* 53 AD2d 1022, 1023). It is well established that the issue of severance is one left to the discretion of the trial court *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905; *People v Ward,* 107 AD2d 892, 895). Under the circumstances of this case, County Court would not have been guilty of abusing its discretion if it had indeed denied the severance *(see, People v Matonti, supra; see also, People v Mattison,* 97 AD2d 621, 623).

Defendant next contends that County Court committed reversible error by refusing to charge the jury with regard to

the crime of possession of a controlled substance as a lesser included offense of the crime of criminal sale of a controlled substance. We disagree. To establish entitlement to a charge on a lesser included offense, a defendant must show, *inter alia,* that in all circumstances it is impossible to commit the greater offense without concomitantly, by the very same conduct, committing the lesser offense (CPL 1.20 [37]; *People v Glover,* 57 NY2d 61, 63-64). This court has previously held that "possession offenses relating to controlled substances are not lesser included offenses of those crimes prohibiting their sale since it is theoretically possible to commit the greater offense without concomitantly, by the same conduct, committing the lesser offense" *(People v Cogle,* 94 AD2d 158, 159). Thus, it was not reversible error here for County Court to refuse to charge the possession offense as requested by defendant *(see, id.).*

Defendant's remaining arguments are likewise unavailing. With regard to his contention that there is insufficient evidence present to sustain his conviction because he was a mere observer present at the scene of the cocaine sale *(see, People v Reddy,* 108 AD2d 945, 947-948), we note only that the record reveals that defendant became actively involved in the transaction and was not a mere spectator present at the scene. Finally, we reject defendant's claim that the sentence imposed by County Court is harsh and excessive. The sentence of 25 years to life imprisonment is within the statutory limits *(see,* Penal Law § 70.00), and this court will not disturb the sentence imposed absent an abuse of discretion by the sentencing court *(see, People v Gaddy,* 94 AD2d 892, 893).

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.