The People of the State of New York, Plaintiff, v Michael Willoughby, Edward Guest and William Johnson, Defendants.

Criminal Court of the City of New York, New York County, March 1, 1989

## APPEARANCES OF COUNSEL

*Daniel Newman* and *Robert Baum* for Michael Willoughby, defendant. *Stephen H. Kaufman* for Edward Guest, defendant. *Daniel W. Scott* for William Johnson, defendant. *Robert M. Morgenthau, District Attorney (Nicole Watkins* of counsel), for plaintiff.

## OPINION OF THE COURT

Michael A. Gary, J.

Defendants Michael Willoughby, Edward Guest and William Johnson are charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor. The information alleges that all three occupied a motor vehicle when the deponent police officer observed

defendant William Johnson throw a paper bag from the car to the ground. This paper bag was subsequently found to contain 31 vials of cocaine.

Defendant William Johnson moves in his omnibus motion for suppression of the physical evidence recovered and the statements made by him, and in the alternative for a hearing on the matter. He also moves for discovery and inspection. Defendant Michael Willoughby moves to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a), on the grounds that it is insufficient on its face because it fails to allege facts supporting all the elements of the offense charged (CPL 100.40 [1] [b]). (Defendant Edward Guest's omnibus motion did not request the same relief. However, because the facts surrounding this charge are identical to Willoughby's, the court will consider this a joint motion.) Defendants state that the information does not allege that they were ever observed to have been in physical possession of the drugs. Nor does it allege even constructive possession of the drugs, as there are no facts which state that they exercised dominion and control over the ground where the drugs were recovered. The factual portion of the information states:

"Deponent is informed by P.O. Jimenez, #11378, that informant observed that defendant *[sic]* knowingly and unlawfully possessed a controlled substance in that informant recovered one brown paper bag containing 31 vials of cociane *[sic]* from the ground upon observing defendant Johnson throw said bag from a 1988 Chevrolet in which all three defendants were seated.

"Further, deponent states that the above-described substance is cocaine based upon deponent's examination of the above-described substance which possesses the same physical characteristics as substances deponent has previously submitted to the Police Laboratory for a chemical analysis and which have been determined to be cocaine; observation of the appearance of the above described substance and its packaging which, based upon prior experience and training is commonly used for the above-described substance; prior experience as a police officer in seizing narcotics and making narcotics arrests and professional training as a police officer with respect to the identification of narcotics."

When the motion to dismiss was made orally at defendants' arraignment, the court specifically inquired of the People as to the basis for the charges against defendants Willoughby and

Guest. The People replied that they were simply relying upon the statutory presumption regarding the presence of drugs in an automobile (Penal Law § 220.25) and noted that it need not be pleaded in the accusatory instrument. They have failed to elaborate on this position in their written response to the instant motion.

Defendants further argue that even if the People were trying to rely on the statutory presumption, the facts alleged by the People in the misdemeanor information fall squarely within one of the statutory exceptions to its operation, specifically Penal Law § 220.25 (1) (c), when a controlled substance is concealed upon the person of one of the occupants of the car. Accordingly, the information is facially insufficient to charge the offense of criminal possession of a controlled substance.

### THE PRESUMPTION

Section 220.25 (1) of the Penal Law reads as follows: "The presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found; except that such presumption does not apply (a) to a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of his trade, or (b) to any person in the automobile if one of them, having obtained the controlled substance and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (c) when the controlled substance is concealed upon the person of one of the occupants." A unanimous Court of Appeals in *People v Leyva* (38 NY2d 160 [1975]) found that the presumption passed constitutional muster. The *Leyva* court noted that statutory presumptions in criminal cases arise from prosecutorial necessity. In the absence of section 220.25 (1), "many drug traffickers could operate with impunity simply by ensuring that the contraband was in some part of the transporting vehicle and not on their persons" *(supra,* at 165). Moreover, section 220.25 (1) meets the test that there be a rational connection between the facts which can be proven directly and those to be inferred therefrom. That is to say, the People must prove the defendants were in the car along with a controlled substance. From this evidence, the trier of fact may draw the inference or deduction that the defendants knowingly possessed the con-

trolled substance. Of course, the *Leyva* court noted that: "the presumption is evidentiary and rebuttable, whether by defendant's own testimony or by any other evidence in the case, including the inherent or developed incredibility of the prosecution's own witnesses. A jury is not to be told that it *must* find defendants guilty if the prosecution proves that they and drugs were present in a car together; it is only to be told that it *may* so find. This affords added protection against the possibility that a presumption might operate to direct a verdict" *(People v Leyva, supra, at 167).*

The Court of Appeals in *Leyva (supra,* at 169) also discussed a hypothetical situation when a defendant's evidence is so conclusive that "reasonable persons could no longer believe the inference authorized by the statute." In such a case, the trial court could issue a trial order of dismissal (CPL 290.10) or direct the jury's finding on the element of possession *(People v Leyva, supra,* at 169). In addition, a conviction may be reversed on appeal if the court determines the presumption has been rebutted by defendant's evidence as a matter of law *(see, People v Hargrove,* 33 AD2d 539 [1st Dept 1969]).

This court's own research has disclosed only two reported lower court cases which dealt with a fact pattern of drugs being thrown from an occupied vehicle. Both cases concerned the applicability of the predecessor to Penal Law § 220.25, section 1751 of the Penal Law of 1939. In *People v Potter* (4 Misc 2d 796 [1956]), the arresting officer testified at a preliminary hearing that as he approached the vehicle, he observed one Wiggins, seated alone in the back seat of the car, remove a package of heroin from his coat pocket and throw it out of the car. Defendant Potter and a codefendant, both seated in the front seat of the car, moved to dismiss the subsequent indictment against them for possession of the heroin in question, on the grounds that the presumption of possession was inapplicable to them. In a one-paragraph decision the court noted that all three defendants were charged in the indictment with acting in concert and denied the motion without specifically ruling on the applicability of the presumption.

In *People v Mitchell* (51 Misc 2d 82 [1965]), as the arresting officer approached he saw an *unidentified* individual throw two brown paper bags containing cannabis from an automobile. Two people were seated in the vehicle. The officer's subsequent search of the automobile revealed two additional containers containing cannabis under the rubber mat of the front seat of the car. Interestingly, the old Penal Law provi-

sion, section 1751 (4), the automobile presumption as to drug possession, applied only to specified large quantities of narcotics *(see,* Penal Law § 1751 [2]). Accordingly, the two defendants in *Mitchell* argued that only the weight of the contents of the containers found in the automobile could be considered in determining the required minimum weight for invoking the presumption. The court ruled that the total weight of the contents of all four containers was to be considered, and found that the weight exceeded the required minimum to invoke the presumption. The court also rejected the defendants' claim that the statutory presumption could be avoided merely by throwing the drugs out of the car: "The 'presence' of narcotics in the automobile occupied by defendants is established by evidence of such attempt to divest themselves of possession as well as by what is actually found therein at time of search. Persons found in an automobile at the time such narcotic drug is found, whether it is actually then in the automobile or found in the vicinity after being seen to have been thrown from the automobile, are subject to the presumption (see, also, *People* v. *Potter,* 4 Misc 2d 796)." *(People v Mitchell, supra,* at 84.)

The People presumably would urge that the holdings in *Potter (supra)* and *Mitchell (supra)* are controlling here, since it is clear from the accusatory instrument before the court that 2 of the 3 defendants' drug possession is predicated solely upon the application of the statutory presumption. Reliance on these decisions, however, is misplaced. In contrast to the case herein, the facts in *Potter* provided evidence to support an acting-in-concert theory—a sufficiently independent basis for alleging drug possession by each of the three occupants of the vehicle such that the *Potter* court did not need to reach the issue of the application of the statutory presumption. Having an independent basis to uphold the possession charge, therefore, *Potter* is distinguishable both on the facts and the law from this case.

*Mitchell (supra)* stands for the proposition that where a person inside a car occupied by more than one individual is seen to throw drugs from the automobile, his action cannot work to defeat the prosecution of the other occupants and the statutory presumption can be invoked. This fully comports with the reasoning in *People v Leyva* (38 NY2d 160, *supra),* discussed above, that the presumption must apply as a matter of prosecutorial necessity. But *Mitchell's* holding has been eclipsed by changes in the statute which it construed, Penal

Law § 1751 (4). First, if *Mitchell's* fact pattern were presented today, the present section 220.25 of the Penal Law would clearly apply to charging possession of the two containers of cannabis concealed under the automobile's rubber mat. More importantly, *Mitchell* (51 Misc 2d 82, *supra)* and *Potter (supra)* dealt with a statute that did not contain a "concealed upon the person" exception. The passage of section 220.25 (1) (c) by the Legislature, as an exception to the invocation of the presumption, is recognition that if the People can prove actual possession of drugs by any of the defendants, then there is no necessity for the presumption.

This court is now called upon to decide the issue not addressed in *Potter (supra)* and *Mitchell (supra),* i.e., once an identified individual is observed to throw drugs from an automobile, does the statutory presumption of possession apply to the other occupants of the vehicle against whom there exists no other evidence of drug possession, or do these facts constitute an exception? Here, unlike the facts in *Mitchell,* the People specifically identify and name defendant Johnson as having possessed and thrown the drugs from the car.

The only reported decision to examine the relevant exception to the statutory presumption, where the drug is concealed upon the person of one of the automobile occupants, is *People v Dingle* (70 Misc 2d 840 [1972]). There, a motion to dismiss an indictment for drug possession alleged failure to corroborate an accomplice's testimony before the Grand Jury. The *Dingle* court determined the mere presence of the defendant in an automobile with the accomplice, with no other facts or circumstances brought out, was insufficient to corroborate the testimony of the accomplice who himself was apprehended with the drugs *concealed in his pocket.* Further, the court in *Dingle* merely noted that the facts before it tracked the exception, and Penal Law § 220.25 did not apply.

DISCUSSION

To resolve the issue presented and due to the dearth of case law construing Penal Law § 220.25 (1), it is useful to examine the decisions interpreting the scope of Penal Law § 265.15 (3), an analogous statute which applies the identical presumption of possession to certain weapons found in an automobile.

Section 265.15 (3) reads, insofar as relevant, as follows: "3. The presence in an automobile, other than a stolen one or a public omnibus, of any firearm, defaced firearm, defaced rifle

or shotgun, firearm silencer, explosive or incendiary bomb, bombshell, gravity knife, switchblade knife, pilum ballistic knife, dagger, dirk, stiletto, billy, blackjack, metal knuckles, chuka stick, sandbag, sandclub or slingshot is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found, except under the following circumstances: (a) if such weapon, instrument or appliance is found upon the person of one of the occupants therein".

The purpose of this presumption was explained in *People v Logan* (94 NYS2d 681 [1949]), which construed section 1898-a of the former Penal Law, a precursor to section 265.15 (3). The *Logan* court read the exception for a weapon found on the person of one of the vehicle's occupants into section 1898-a with the following cogent rationale: "As with other presumptions, however, the presumption here being considered is a rule of necessity. It is to be invoked only if, under the circumstances involved, there is an absence of satisfactory evidence of the ultimate fact to be established, to wit: To which of the occupants is 'possession' attributable? Obviously, therefore, if the undisputed facts of any given situation establish that the gun is *actually* possessed by any *particular* individual or individuals occupying the automobile, there is then no burden under section 1898-a imposed upon the remaining occupants of such car to go forward with proof tending to refute the presumption which would otherwise attach by virtue of occupancy. The positive evidence of actual possession in such case would wholly dissipate the necessity for the invocation of the statutory presumption." *(People v Logan, supra,* at 683-684.) Ironically, the Appellate Division unanimously disagreed with the lower court's ruling and reinstated the conviction for possession of a pistol *(People v Logan,* 276 App Div 1029 [1950]). Some years later the Legislature adopted the lower court's reasoning, and the exception for a weapon found on the person became part of former Penal Law § 1899 (added by L 1963, ch 136, § 4).

In *People v Lemmons* (40 NY2d 505, 511-512 [1976]) the Court of Appeals held that the applicability of the statutory presumption afforded by subdivision (3) of section 265.15 of the Penal Law, as well as the applicability of the exception for a weapon found on the person, are generally questions for the trier of fact. However, the court did note that there could be circumstances where the evidence was so clear cut that it could lead to the sole conclusion that the weapon was found

upon the person. It cited *(supra,* at 511) as an example "where the weapon is secreted under one person's shirt or under other items of clothing or in a pocket. (See *People v Garcia,* 41 AD2d 560 [1973]; *People v Davis,* 52 Misc 2d 184 [1966] [J. IRWIN SHAPIRO, J.].)" Both *Garcia (supra)* and *Davis (supra)* dealt with exactly the same fact pattern. Police officers approached an automobile occupied by two persons and in each case saw one identifiable individual remove a gun from his clothing and place it under the seat. Parenthetically, none of the appellate courts have required strict compliance with the statutory language that the weapon actually be "found upon the person" in order to invoke the exception. *(See also, People v Scott,* 53 AD2d 703 [2d Dept 1976]; *People v Lester,* 61 AD2d 844 [2d Dept 1978].)

A further definition of the kind of clear-cut proof described in *Lemmons (supra)* which would invoke the exception is found in *People v Velez* (100 AD2d 603 [2d Dept 1984]), where its invocation was denied and the statutory presumption was deemed to apply. There, the trial court dismissed an indictment charging five defendants with criminal possession of a weapon based solely upon the statutory presumption. Detectives investigating a million dollar jewelry robbery stopped a van in which all the defendants were traveling. As one detective moved toward the rear of the vehicle, he observed the two rear doors part and a hand come out and throw to the ground a bundle of rags containing a loaded .22 caliber revolver. The trial court, citing *Logan (supra),* ruled that the statutory automobile presumption was inapplicable as a matter of law to the facts of the case because the evidence demonstrated that a particular arm and hand dropped the gun and such positive evidence of actual possession by a particular, although unidentified individual, obviated the necessity for invocation of the statutory presumption. The Appellate Division reversed, citing a failure to meet the clear-cut circumstances standard set forth in *Lemmons (supra),* for the invocation of the exception. "Under such circumstances, possession was not so personalized with respect to any one particular occupant as to render the presumption inapplicable as a matter of law." *(People v Velez, supra,* at 604.)

As was the case in *People v Velez (supra),* when positive evidentiary allegations are made that an identified individual actually possessed the controlled substance, and no further evidence to tie the other charged defendants exists, the presumption cannot be invoked. The People stated here that they

are relying solely on the presumption to prove their case against defendants Willoughby and Guest.

CONCLUSION

Based on the foregoing, this court holds that use of the statutory presumption of knowing possession by all the defendants in this case is inappropriate. The People have an identified individual allegedly possessing the drugs, and have not set forth any facts or circumstances to support the charges against the other two defendants. In fact, the accusatory instrument tracks the language of an exception to the statutory presumption! No evidentiary facts are alleged in the information which would give reasonable cause to believe that defendants Willoughby and Guest committed the offense with which they are charged (CPL 100.15, 100.40). The information is facially insufficient as to these two defendants, and accordingly the charges against them are dismissed.

Defendant Johnson's motions for suppression of the physical and statement evidence are granted to the extent that a *Mapp* and a *Huntley* hearing are granted. The *Sandoval* motion is properly referred to the trial court. Defendants' request for discovery and inspection are granted to the extent of the People's response.