THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MCKINNEY, Appellant.—

Defendant and his wife lived in a two-story structure containing four apartment units. They lived upstairs in the rear of the building, and entry to their apartment could be gained only by going upon the back porch. Police went to the building to talk with defendant about his suspected involvement in crimes under investigation. The police knocked on the front door and, when no one responded, went through an open door, entered the back porch area, and knocked on the entrance door to defendant's apartment. While waiting for a response, an officer observed a black leather purse, which matched the description of the purse taken from the victim, in an open brown bag situated on top of a green garbage bag; the officer seized the bag.

In entering the back porch, the police were using the same means of access that any member of the public would use to speak with the defendant, and their observation of the purse, which was in plain view, did not amount to an unlawful seizure (see, United States v Hersh, 464 F2d 228, 230, cert denied 409 US 1008; 1 LaFave, Search and Seizure § 2.3 [c], at 393 [2d ed]). Because no issue was timely raised concerning the officer's subsequent search of the contents of the purse, that issue was not preserved for our review (see, People v Coleman, 56 NY2d 269). Defendant made no motion to suppress items seized following a further search of the contents of the garbage bag, and that issue also was not preserved for our review.

The court did not err in refusing to grant defendant additional peremptory challenges (see, Matter of State of New York v King, 47 AD2d 594, 595) or in conducting a Wade hearing in defendant's absence (see, People v Parker, 57 NY2d 136). Also without merit are defendant's assertions that a photo identification procedure was unduly suggestive and that his sentence was harsh and excessive. Defendant's remaining contentions were not preserved for our review (CPL 470.05 [2]), and discretionary review in the interest of justice is not warranted. (Appeal from judgment of Onondaga County Court, Gorman, J.—robbery, first degree.) Present—Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.