People v Lewis (2024 NY Slip Op 01728)

People v Lewis

2024 NY Slip Op 01728

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-09640
 (Ind. No. 486/17)

[*1]The People of the State of New York, respondent,
v
Jamel Lewis, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered July 29, 2019, convicting him of criminal possession of a weapon in the second degree and unlawful possession of pistol ammunition, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
On February 28, 2017, during the early afternoon, the defendant and two companions were driven by another individual to the home of the defendant's stepfather located in Queens. A vehicle belonging to one of the companions, a Lincoln Navigator, was already parked in front of the home. The girlfriend of the defendant's stepfather mistakenly believed that the defendant and the companions were there to burglarize the home and called 911 to report a burglary in progress. Police officers responded to the call, and one of the police officers noticed the Lincoln Navigator parked in front of the home and was provided a description of the defendant and the two companions by the girlfriend. Shortly thereafter, other police officers saw the defendant and the two companions walking approximately three blocks away from the home and arrested them.
One of the police officers then returned to the location where the Lincoln Navigator was parked and saw a box of shotgun shells in the backseat of the Lincoln Navigator through the vehicle's window. The Lincoln Navigator was thereafter towed to the police precinct. Upon the execution of a search warrant, police officers obtained a .40 caliber pistol from inside the Lincoln Navigator.
Following a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree and unlawful possession of pistol ammunition.
On appeal, the defendant contends, inter alia, that the Supreme Court erred in charging the jury, over his objection, with respect to the automobile presumption set forth in Penal Law § 265.15(3). Penal Law § 265.15(3) provides, in relevant part, that "[t]he presence in an [*2]automobile . . . of any firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon . . . is found." "The presumption establishes a prima facie case against a defendant, who may, if he [or she] chooses, rebut it by interposing evidence to the contrary" (People v Velez, 100 AD2d 603, 604). "Before the presumption may apply, the People must establish beyond a reasonable doubt the predicate fact or facts 'the statute requires to be proved'" (People v Galindo, 23 NY3d 719, 723, quoting People v Leyva, 38 NY2d 160, 169).
Here, the People failed to establish beyond a reasonable doubt that the defendant occupied the Lincoln Navigator within the meaning of Penal Law § 265.15(3) at, or shortly before, the time the pistol was found therein (see People v Drayton-Archer, 159 AD3d 919, 920-921). At trial, the People admitted a surveillance video, which showed that the defendant briefly leaned his upper body through the open rear passenger side door of the Lincoln Navigator while standing on the vehicle's running board. However, the video reflected that the defendant never lifted his feet from the running board to climb into the Lincoln Navigator or take a seat inside the vehicle (cf. People v Warrington, 192 AD2d 735). Under the circumstances presented, the People's contention that the defendant "occup[ied]" the vehicle within the meaning of Penal Law § 265.15(3) is without merit. Accordingly, the Supreme Court erred in charging the jury with respect to the automobile presumption. Further, the court's error in giving this charge was not harmless, since "it is impossible to determine whether the guilty verdict was based on this improper jury charge" (People v Drayton-Archer, 159 AD3d at 921).
The defendant also contends that the Supreme Court erred in permitting two police officers to narrate and offer their opinions on portions of the surveillance video while it was shown to the jury. Although this contention is unpreserved for appellate review (see CPL 470.05[2]; People v Correa, 187 AD3d 1038, 1039), we reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]). "Generally, 'lay witnesses must testify only to the facts and not to their opinions and conclusions drawn from the facts,' as it is the jury's province 'to draw the appropriate inferences arising from the facts'" (People v Reddick, 164 AD3d 526, 527, quoting People v Russell, 165 AD2d 327, 332, affd 79 NY2d 1024). Here, there was no basis for the court to permit the police officers to testify, among other things, that the defendant could be seen on the video "inside the [Lincoln Navigator]" and "reaching into the back seat" of the vehicle.
Based upon the cumulative effect of the Supreme Court's errors, the defendant was deprived of his right to a fair trial, and, therefore the conviction must be reversed and a new trial ordered (see People v Crimmins, 36 NY2d 230, 237-238; People v Watts, 176 AD3d 981, 985).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court